## SAMUEL S. CROCKER *et al.*

### *v.*

## BERTHOLD LOWENTHAL *et al.*

1. SECONDARY EVIDENCE—*proof of loss and search for original.* Where it is shown that thorough search has been made without avail in every place where a trust deed had been kept or was likely to be found, and the witness thinks it has been destroyed by fire, proof of its contents is admissible.

2. DEED—*of its delivery.* It is not always necessary that a deed should be delivered to the grantee to render it binding and obligatory. A delivery to a third party for the benefit of the grantee is conclusive upon the grantor. If the grantor parts with its control, and places it in the possession of another, with the intent and for the purpose of making it effectual and a binding contract, this will be sufficient.

3. TRUST DEED—*delivery to cestui que trust sufficient.* An actual delivery of a trust deed to the trustee therein named, who has no interest in the trust, is not required, but a delivery to the *cestui que trust,* together with the notes secured by it, will fully answer the requirements of the law.

4. SAME—*acceptance of trust.* If a trustee named in a deed given to secure the payment of notes acts under it by advertising the property for sale, this will be an acceptance of the trust by him, although he may not have the instrument in his possession.

5. CROSS-BILL—*on bill to foreclose, by second mortgagee.* On bill to foreclose a deed of trust, a party defendant holding a judgment against the grantor, and having a subsequent deed absolute on its face, but in reality a mortgage to secure the payment of a debt, given by the same party on the same and other real estate, being a second mortgagee, will have a clear right to seek affirmative relief in regard to the property sought to be sold under the original bill, and the fact that his mortgage embraces other property will not deprive him of the right to file a cross-bill seeking a foreclosure.

6. SAME—*who may object to filing.* The complainant in a bill to foreclose a deed of trust may have the right to object to matters not germane being brought into the case on cross-bill by a second mortgagee, but if he does not, the original mortgagor can not be heard to make such objection, as it can work him no injury.

7. FORECLOSURE— *decree as to surplus, on answer.* If a bill to foreclose a mortgage or deed of trust makes the judgment creditors of the mortgagor parties defendant, and their rights are shown by answer and proof, it is proper, in decreeing a foreclosure and sale, to direct the payment of any surplus, after satisfying the mortgage, among the judgment creditors according to their respective rights and equities. No cross-bill is necessary for this purpose.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. CHARLES J. BEATTIE, for the appellants.

Messrs. ROSENTHAL & PENCE, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Berthold Lowenthal, to foreclose a certain deed of trust alleged to have been executed by Samuel S. Crocker and Frances Crocker, his wife, conveying certain property in Chicago to Levi D. Boone, as trustee, and in trust to secure the payment of a certain promissory note of $2500, dated April 4, 1871, due six months after date, with interest at the rate of ten per cent, executed by Crocker, payable to the order of himself, and by him indorsed.

Samuel S. Crocker and Francis Crocker were made defendants to the bill, together with David G. Hamilton, Geo. M. Fink, H. F. Fink, Harriet E. Bennett, David W. Gammon, Truman W. Steele, John W. Bennett, Edwin A. Sherburne, James Munhead, Geo. K. Clark and Levi D. Boone, who were alleged to have some interest in the premises, acquired subsequent to the execution of the deed of trust.

David G. Hamilton put in an answer to the bill, and also filed a cross-bill, in which he prayed for affirmative relief. Gammon and Munhead disclaimed any interest in the subject matter of the litigation, and the other defendants put in

answers. The cause proceeded to a hearing on the evidence, and a decree was rendered substantially as prayed for in the original bill and the cross-bill filed by Hamilton, to reverse which Samuel S. Crocker and Frances Crocker have appealed.

Various errors have been assigned upon the record, but the attorney of appellants, in the brief filed, rely upon four points to secure a reversal of the decree, which are as follows:

*First*—There is no proof that the deed of trust was destroyed by fire or lost, and it was error to admit secondary evidence of the contents of the deed.

*Second*—The assumed deed of trust was never delivered to the trustee, and never accepted by him, and without such delivery and acceptance the deed is void, and passed no title.

*Third*—The cross-bill is not germane to the original bill, but is substantially a bill to foreclose a mortgage on property not mentioned in the original bill, and can not be sustained.

*Fourth*—The decree is erroneous in granting affirmative relief to defendants Fink and Bennett, on answer, without cross-bill.

The positions of appellants' solicitor we will consider in the order in which they are made. As to the first question, we can not agree with the appellants' solicitor. The record shows that Mr. Lowenthal, the complainant, testified that the deed of trust was delivered to him with the note. He can not tell what became of it. His impression is, it was burned in his desk, in the fire of 1871; that he has made diligent search, but has not succeeded in finding it. He further says it may be among his papers yet, but he has examined everywhere he could have kept it.

After this evidence was given, the witness was again called, and testified: "Since the adjournment of the court, I have looked everywhere that paper would likely be—every place I could think of where it would be likely to be—without avail."

The law required thorough search in the place where the deed was kept, before resort could be had to evidence of its contents. We are of opinion the evidence establishes all the diligence that could reasonably be required. Every place

where the paper was kept, and was likely to be found, was thoroughly searched, and it could not be found. If more than this was necessary, it would be difficult to conceive of any case where the contents of a written instrument lost or destroyed could be given in evidence.

· In regard to the second point, it is, no doubt, true that the deed of trust was never actually delivered to the trustee, but the grantor in the deed delivered it, together with the note it was intended to secure, to appellee, for whose benefit it was made, and who alone had rights secured by it. The trustee had no interest whatever in the trust deed, and an actual delivery to him was not required. A delivery to the *cestui que trust* would fully answer all the requirements of the law. It is not always necessary that a deed should be delivered to the grantee therein named in order to render the deed binding and obligatory. A delivery to a third party, for the benefit of the grantee, has always been held conclusive upon the grantor. Indeed, where the grantor parts with the control of the instrument, and places it in the possession of another, with the intent and for the purpose of making it effectual and a binding contract, the delivery of the instrument will be regarded as binding and conclusive upon the grantor; but, in addition to this, the trustee expressly accepted the trust. On two occasions, as appears from the evidence, he advertised the property for sale. It has always been regarded as an acceptance of the trust by the trustee where he acts under the deed, although he may not have the instrument in his actual possession. Perry on Trusts, secs. 259, 260 and 261.

It would be a strange doctrine, indeed, to hold a trust deed invalid for the want of a delivery, where it had been delivered by the grantor to the *cestui que trust*, and the trustee had accepted the trust by acting under it. We are aware of no authority which would sanction or sustain such a rule.

As to the third point, that the cross-bill was not germane to the original bill, it appears that Hamilton had obtained a judgment against Crocker after the deed of trust was executed. He also held a deed from Crocker, which, although

absolute on its face, was but a mortgage given to secure the payment of a certain debt. This deed conveyed the property in the deed of trust, and also other property. When, therefore, Hamilton was made a party defendant to the original bill, he, being a second mortgagee, had a clear right to ask any affirmative relief in regard to the property which the complainant in the original bill was attempting to sell in satisfaction of his debt, which the equities of the case would, under the evidence, entitle him to receive.

The fact that Hamilton's mortgage contained property not embraced in the deed of trust, and against which the complainant in the original bill asked no decree, could not deprive him of his equitable rights. By filing a cross-bill, he had a clear right to a decree foreclosing the mortgage he held against Crocker, and, when he sought relief in that direction, he was not required to, and it might be well doubted whether he could, foreclose by piecemeal.

The Crockers, and their various creditors who had liens by judgment against the lands, were all before the court. The court having acquired jurisdiction over all the parties in interest and having jurisdiction of the subject matter, it was eminently proper to proceed and fully settle the equities of all the parties in the same proceeding, and render such a decree as equity, under all the evidence, required.

It might be well doubted whether appellant Crocker, being a defendant to the original bill, could interpose the objection now raised. We can readily see why the complainant in the original bill might object to matters being brought in by cross-bill, which were not strictly germane to the original bill, but upon what principle a defendant to the original bill could interpose such an objection, is not apparent. Surely the defendant could gain nothing by requiring his co-defendant to commence a new suit to settle equities which might be adjusted in the then pending action.

The complainant in the original bill does not complain of the filing of the cross-bill, and, as appellants have not been

injured, we are inclined to hold that they have no right to insist upon that as error, which did them no harm.

We now come to the last point relied upon, that it was error to grant affirmative relief to Fink and Bennett. These parties were judgment creditors of appellants, and, as such, were necessary parties to the bill. They did not ask for affirmative relief, nor does the decree order the sale.of the mortgaged premises upon their application, or to satisfy their judgment, as supposed by appellants.

The decree makes provision, and properly so, for the payment of any surplus that may remain in the hands of the master in chancery after the satisfaction of the mortgages in the bill and cross-bill. If there should be a surplus arising from the sale of the premises, of course it must go somewhere, and, as these judgment creditors set up and established their rights, the court could not disregard them, and could do no less than direct the surplus money, if any, remaining in the hands of the master, to be paid to them. No cross-bill was required to authorize such a provision in the decree. *Walker et al.* v. *Abt et al. ante*, p. 226.

No substantial error appearing in the record, the decree will be affirmed.

*Decree affirmed.*