Martin v. Paxson.

MARTIN, *Plaintiff in Error*, v. PAXSON, *et al.*

1. **Substitution of Trustees.** It is not necessary to the validity of proceedings under Rev. Stat. 1855, p. 1554, § 1, for the appointment of the sheriff to act as trustee in executing a deed of trust given to secure the payment of a debt in place of the person therein named as trustee, that the latter shall have signed the deed or otherwise signified his acceptance of the trust; nor is notice of the proceeding required to be given to the trustor.

2. **Sale under Trust Deed,** NOT AFFECTED BY VOLUNTARY ABSENCE OF TRUSTOR IN CONFEDERATE STATES. A sale under a deed of trust given by a debtor to secure the payment of his debt, is not invalidated by the fact that at the time it was made he was residing within the military lines of the Confederate States, if he was a citizen of Missouri at the time the deed was executed, and his removal wiihin the Confederate lines took place after the debt matured and was voluntary.

3. **Deed of Trust:** NOTICE OF FORECLOSURE. A stipulation in a deed of trust given to secure the payment of a debt, that in the event of default in payment the trustee may sell the trust property lying in Morgan county, at public sale, at the court house door in Boonville, Cooper county, first giving at least thirty days notice of the time, terms and

place of sale, and of the property to be sold, by advertisement in Morgan or adjoining county, is not void for uncertainty or as being against public policy. Such matters are proper subjects of contract between the parties, and their contract is binding.

*Error to Morgan Circuit Court.*—HON. GEORGE W. MILLER, Judge.

*A. W. Anthony* for plaintiff in error.

1. Brand was not a trustee, having never accepted the trust either by signing the deed, or by assent, oral or written, nor by any act indicating such acceptance, nor does it appear that he had any notice whatever of his appointment. Hill on Trustees, edition of 1854, top pages 303, 304, 306; 2 Am. Law Reg. (N. S.,) pp. 651, 652, 653, 706, 713. A fair construction of the statute sustains the same view. Rev. Code 1855, p. 1554. The first section was not changed until the revision of 1865; and the second not until 1872. By the law of 1855, it is provided that "If any trustee, in a deed of trust to secure the payment of a debt," &c. This statute evidently contemplates that there must be in fact and in law a trustee, else there would be no authority to substitute the sheriff, or any one else, to act for a person or officer who never had an existence. To hold that Brand was a trustee in this case would lead to the strange doctrine that a person may be a trustee without acceptance, without assent, or any notice whatever of his appointment; and that another might be appointed to act for him, when he never had any notice, or any chance to act for himself. There is a mutuality in all trusts, fatal to such construction. The action of the circuit court, therefore, in the attempted substitution was wholly void.

2. If the trustee be clothed with the legal estate, I do not see how the title could vest in him without delivery or acceptance; and no person could be substituted in his stead. If the donation of the power was valid without acceptance, then it extended to Brand's executors or administrators, who are named in the deed as his successors

in the trust; and the circuit court could only appoint when the trust was about to fail for want of a trustee; and upon a proper presentation of the facts.

3. The trust deed provides that notice shall be given in a newspaper in Morgan, " or any adjoining county," but the sale must be made at Boonville. This is void for uncertainty, as the notice had a scope of some five or six counties. Such a contract is against public policy also, and is void.

4. When the notice was filed to substitute the sheriff as trustee, a notice should have been served on Brand. The trustee is a trustee for the debtor. *Carter v. Abshire,* 48 Mo. 300; *Chesley v. Chesley,* 49 Mo. 540; *George v. Middough,* 62 Mo. 549. No notice was given, and the proceedings were, therefore, absolutely void. None could be given, as Martin was at the time in the State of Texas, within the Confederate lines. See dissenting opinion in *De Jarnette v. De Giverville,* 56 Mo. 440; 14 Am. Law Reg. (N. S.) 129.

*Draffen & Williams* for defendants in error.

1. The deed of trust passed the legal title to the land to Brand, with power of sale upon default. There was no evidence that he refused to accept the trust, and it was upon the public record of the county. It might be that if Brand was sued for neglect, he could raise this objection, but most certainly plaintiff cannot. *Bailey v. Lincoln Academy,* 12 Mo. 174.

2. Nothing is said in the statute indicating that the power of appointment is only to be exercised when the trustee has signed the deed, and then refused to act. The language is, " If any trustee in a deed of trust to secure the payment of a debt, shall die    *    *    or remove from the State without having completed the performance of the duties imposed on him by the deed of trust," the court may, on application of any person interested, appoint the sheriff to act as trustee in his place.

3.   The parties had a right to regulate, by their contract, the kind of notice of sale the trustee should give.

HOUGH, J.—This was an action of ejectment for certain land in Morgan county.   On the 12th day of September 1860, the plaintiff executed a deed of trust conveying the land in controversy to H. H. Brand, as trustee, to secure the payment of a promissory note, of even date therewith, executed by him to E. N. Warfield, and made payable twelve months thereafter.   In the event of default in the payment of said note, the trustee, his executor, or administrator, was authorized, by the provisions of said deed, to sell the property described, at public sale, " at the court house door in the city of Boonville, and county of Cooper, for cash, first giving at least thirty days public notice of the time, terms and place of said sale, and of the property to be sold, by advertisement in some newspaper printed and published in said county of Morgan, or adjoining county."

In 1863, Martin, the plaintiff, left his residence in the State of Missouri and went to the State of Texas, where he remained until the year 1867 ; and from the time he went to Texas, until the close of the war, he was continuously within the Confederate lines.   At the April term, 1864, of the Morgan circuit court, J. P. Beck, as beneficiary under the trust deed aforesaid, made application under the first section of the statute in relation to trustees, (Rev. Stat. 1855, p. 1554,) to have the sheriff of the county appointed trustee in the place of Brand, who, as was stated in the affidavit, had removed from the State, without executing the trust ; and the order was made as prayed. This order is meagre and inexplicit, and certainly not a model for imitation ; but it refers to the application, which is full and precise, and in the absence of record testimony showing that it is equally referable to some other application, we incline to hold it sufficient.   It would be a harsh ruling, we think, to pronounce it void for uncertainty.

On the 25th day of August, 1864, the property was sold under the trust deed to one Jemima Wilson, under whom, by a regular chain of conveyances, the defendant claims title.

The following objections were made to the defendant's title:

1. That as Brand did not sign the deed of trust, and there was no evidence that he had ever accepted the trust, there was, in fact, no trustee, and the action of the circuit court in substituting the sheriff as trustee, was wholly void.

2. No notice was, or could be, given to Martin, of the application to substitute the sheriff as trustee, or of the sale under the trust deed.

3. The deed of the sheriff as trustee was not *prima fasie* evidence of the recitals it contained, and there was no evidence of the truth of the recitals.

Objections was also made that the plaintiff left a tenant in possession, and that he had no right to attorn to the defendant; but this point requires no notice. Wag. Stat., 880, Sec. 15. Besides it is unimportant in the present action, how the defendant obtained possession.

It was further objected that the stipulation in the trust deed, as to the notice to be given, was void as against public policy, and void also for uncertainty.

We do not think it necessary to the validity of the proceeding for the appointment of the sheriff as trustee, in lieu of the original trustee, Brand, that Brand should have signed the trust deed, or otherwise signified his acceptance of the trust with which he had been invested. Under deeds of this character, there is nothing for the trustee to do until called upon to make a sale in case of default in the payment of the debt, and until such request is made of him, there is really no occasion for him to assume or decline the duties imposed. His assent certainly is not essential to the validity of the deed, and if before being called upon to act, he should remove from the State,

the contingency provided for in the statute would, we think arise, and the sheriff might lawfully be appointed his successor in the trust. No notice of such application is necessary; none is required by the statute. The proceeding is *ex parte*, and upon affidavit only ; and by the provisions of the statute in force at the time the substitution in the present case was made, no question could arise as to the propriety of the appointment to be made by the court, as, under that statute, no other person than the sheriff of the county could be appointed.

To impeach the sufficiency of the notice of sale, the dissenting opinion in the case of *DeJarnett v. DeGiverville et al.*, 56 Mo. 440, is relied upon. Without entering into any examination of the conflicting opinions entertained here or elsewhere in relation to the subject presented by the objection now under consideration, it will be sufficient to say that the question presented in that case was widely different from that arising upon the facts in the case at bar. There, the question was whether a mortgage or deed of trust, executed by a citizen of Virginia to a citizen of Missouri, which required the payment of a sum of money on the 30th day of April, 1861, was forfeited by a failure to pay the money on that day, and whether the trustee or mortgagee might sell the mortgaged premises for such failure of payment, occurring after the beginning of the war between the countries in which the parties were respectively domiciled.

In the present case both parties were citizens of the State of Missouri, and remained so for a considerable period after the maturity of the note. No public law forbade the payment of the money, and the plaintiff, long after it became due, voluntarily placed himself within the Confederate lines, and beyond the reach of notice. There being no legal impediment to the payment of the debt, the default gave the trustee power to sell, after giving a certain notice. That notice was to be given in a manner agreed upon by the parties; it was absolute and unconditional in its terms,

and its sufficiency was not to be determined by the place of residence of the trustor, or his ability to receive or be made cognizant of such notice at the time it should be given. Upon default, and the giving of the notice provided for, the trustee was authorized to sell.

The third objection seems to be based upon a misapprehension of the record. It very clearly appears, we think, that the sheriff testified that the notice was given by him, as set out in his deed to the purchaser, and that was in exact conformity with the requirements of the trust deed.

The remaining objection that the stipulation as to notice contained in the trust deed was void, is, we think, untenable. The parties might have dispensed with notice altogether. The trustor could have provided for a private sale. The notice to be given was a proper subject of contract between the parties, and their agreement must be held to be binding upon them.

Perceiving no error in the record, the judgment of the circuit court will be affirmed. The other judges concur.

.AFFIRMED.