GEORGE D. WELLS, Appellee, v. GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, Appellant.

Insurance: MORTGAGE OF INSURED PROPERTY: DELIVERY. Where an assured executed a chattel mortgage upon the property covered by the insurance policy in violation of the terms of the policy and delivered it to the party beneficially interested with intent that it should become effectual as against him, concerning which fact of delivery there was no dispute in the evidence, the question of delivery became one of law rather than of fact and the company was entitled to a directed verdict.

**Mortgage of insured property.** The execution and delivery of a
2   mortgage on insured property in violation of the terms of the
policy will render the same void, and it is immaterial that the
mortgage was given to a trustee without his assent or that he
afterward refused to accept the trust.

*Appeal from Calhoun District Court.*— HON. F. M. POW-
ERS, Judge.

MONDAY, OCTOBER 23, 1905.

ACTION upon a fire insurance policy. Trial to jury,
and verdict and judgment for plaintiff. Defendant appeals.
— *Reversed.*

*W. E. Gray* and *Sullivan & Sullivan,* for appellant.

*J. F. Lavender* and *E. C. Stevenson,* for appellee.

BISHOP, J.— The policy in suit was issued to cover a
stock of merchandise owned by plaintiff and situate in the
town of Lovinia, Calhoun county, this State. One of the
policy provisions is as follows: " If the said personal prop-
erty be incumbered by chattel mortgage, . . . this pol-
icy shall be void." In its answer the defendant pleaded a
violation of said policy provision, alleging that subsequent
to the issuance of the policy plaintiff had incumbered the
property by mortgage. The record contains an admission
on the part of plaintiff to the effect that a chattel mortgage
was executed by him covering the property insured, but it is
his contention that the same was never delivered and did
not therefore amount to an incumbrance on the property.
At the close of all the evidence the defendant moved for an
instructed verdict, on the ground that it had been made to
appear without dispute that the provision of the policy as
above referred to had been violated and the policy thereby
rendered void. Such motion was overruled, and the ques-
tion of the delivery of the mortgage admitted to have been

executed was submitted for a finding of the jury. Error in action of the court thus taken is principally relied upon for a reversal.

Our reading of the record discloses that the facts are not the subject of any serious dispute. It appears that plaintiff was indebted to the First National Bank of Sac City on two notes. Subsequent to the issuance of the policy in suit, he was called upon by H. S. Barnt, assistant cashier of said bank, for security upon said notes, and it seems that plaintiff executed new notes in place of the ones then held by the bank. To secure such new notes he also executed a chattel mortgage covering the stock of merchandise in question with other property. As executed, S. H. Barnt was named in the notes as payee, and in the mortgage as mortgagee, and such came about in this way: As originally drawn up the new notes and mortgage named said H. S. Barnt as payee and mortgagee. When about to execute the notes and mortgage, it was discovered that no notary was present to take the acknowledgment; and, as H. S. Barnt was a notary, he erased his own name in the papers and inserted the name of his father, S. H. Barnt, to the end, as declared by him, that as a stranger to the transaction he might officiate in his capacity as a notary and take the acknowledgment. After the notes and mortgage were executed, the same were taken possession of by H. S. Barnt, and the mortgage was made a matter of record by him. Subsequently all the papers were turned over to and taken possession of and retained by said bank. It is conceded that S. H. Barnt, father of said H. S. Barnt, lived in another State; that he had no personal interest in the bank, or the particular debt in question; and that he had no knowledge of the transaction until long after the fire, when he repudiated the use of his name as without any warrant of authority on his part.

Now that delivery of the mortgage was essential to the creation of an incumbrance is true, of course; and where the facts are not in dispute the question whether a delivery

has been accomplished is one of law and for the court. The
record before us, being devoid of dispute,
makes it plain that the court erred in submit-
ting the question at issue to the jury, and it is
our conclusion that the motion to instruct a verdict should
have been sustained. In legal contemplation the effect of the
situation respecting the execution of the mortgage may be
summed up by saying that, as between H. S. Barnt, repre-
senting the bank, and plaintiff, S. H. Barnt was agreed
upon as a trustee for the bank and to be named in the in-
strument as mortgagee. Accordingly, the instrument was
thus executed, and delivered into the hands of H. S. Barnt
for and on behalf of the trustee and the bank holding the
beneficial interest. Plaintiff, as mortgagor, gave the in-
strument into the hands of Barnt, intending that it should
operate as a mortgage, and as to him it became a completed
transaction; there was nothing further for him to do, and
he certainly could not recall the instrument, or by any act
of his destroy its effect. There was then a delivery to the
party beneficially interested, and this was sufficient, at least
in equity, to give validity to the instrument. It has been
said that delivery becomes effectual as against the grantor —
and we have no occasion to consider possible rights of third
persons — when he surrenders dominion of a completed in-
strument with intent thereby to make it operative. *Merritt
v. Temple,* 155 Ind. 497, 58 N. E. Rep. 699. And as
against the grantor the delivery of a trust instrument will
be sufficient, if made to the party beneficially interested.
*Gunnell v. Cockerill,* 79 Ill. 79; *Crocker v. Lowenthal,* 83
Ill. 579.

Granting that the aid of the trustee may be necessary
to enforce the provisions of the instrument, yet his assent
is not essential to its validity. *Martin v. Pax-
son,* 66 Mo. 260. And his refusal to accept the
trust or act in the premises will not invalidate
the instrument as an incumbrance or conveyance of prop-

1. INSURANCE: mortgage of insured property; delivery.

2. MORTGAGE OF INSURED PROPERTY.

erty. A trust never fails for want of a trustee, and a court of equity will interfere to enforce the trust either by decree or by the appointment of another trustee. Perry on Trusts, section 260; *White v. Hampton*, 13 Iowa, 260. Having executed and delivered an instrument creating an incumbrance on the property insured, the condition of the policy was thereby violated and such policy by its terms became void.

In view of the conclusion thus reached, other questions discussed in argument need not be noticed. The judgment is reversed, and the cause remanded for further proceedings according to law.— *Reversed.*