[Civ. No. 7690.  Second Appellate District, Division Two.—May 25, 1931.]

ORA O. MOORE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Kenneth C. Wiseman for Petitioner.

Everett W. Mattoon, County Counsel, S. V. O. Pritchard, Deputy County Counsel, and H. W. Shaw for Respondents.

WORKS, P. J.—Petitioner was about to be punished for contempt of court because of. an alleged failure to pay in full an amount required to be paid by him for the support and maintenance of his minor child. The requirement was contained in a decree of divorce, by adoption of the terms of an agreement between the parties. Petitioner asked of this court a writ of prohibition for the purpose of preventing the threatened punishment for contempt and an alternative writ issued.

The following portion of the agreement between petitioner and his wife, and that portion only, is shown by the petition for the writ, petitioner being the first party therein and the wife the second:

"It is further understood and agreed that the parties hereto have a minor child, to-wit: Wanda Minnie Moore, and that second party shall have the custody of said child, provided, however, that first party shall be allowed to see and visit said child at all reasonable times; and said first party shall pay second party the sum of Twenty-five ($25.00) Dollars each month and no more, for the support, maintenance and education of said child during her minority, unless she shall sooner marry or become self-supporting, in which event the obligation of first party to pay said sum shall cease, said monthly payments to begin and become payable as of December 15, 1925, and in this connection second party agrees that the property she is receiving under this agreement from first party is of sufficient value, taken together with said monthly sum of Twenty-five ($25.00) Dollars, to enable her to properly provide and

care for said minor child therefrom, and that the convey-
ance of said property to second party is made upon that
understanding; second party hereby further waives pay-
ment of any amount payable under the existing court order
for support of said child save and except said sum of
Twenty-five ($25.00) Dollars from December 15, 1925,
and that she hereby acknowledges satisfaction of any amount
in excess thereof.''

The decree of divorce which adopted the agreement was
rendered September 29, 1926. The alleged default of peti-
tioner in making his monthly payments in full was made
the subject of inquiry by respondent court at a hearing
held on October 17, 1930. Whether petitioner is actually
in default depends upon a rather unusual chain of circum-
stances. He is a veteran of the World War, was wounded
in the service, and at some unfixed date accordingly be-
came entitled to compensation from the United States
Veterans' Bureau at the rate of $45 per month, and this
compensation has been paid to him, or in part to his wife,
for a considerable time, the record does not show how long.
The division of payments came about in this way: As the
husband and wife were living apart the Bureau, under a
provision of the federal law allowing such a course and at
a time not exactly shown, apportioned or awarded to the
wife $9 per month out of the total amount theretofore
payable to petitioner, for the purpose of providing for the
maintenance of the minor child, who was in her custody.
For a long time after the decree of divorce, indeed, until
November, 1929, petitioner paid to his former spouse, di-
rectly from his own pocket $25 per month, while she con-
tinued to receive from the Bureau, monthly, the $9, thus
receiving in all the sum of $34 for the support of the child.
After petitioner ceased paying from his immediate resources
the $25 he turned over to his former wife but $16, upon
the theory that the agreement and decree bound him to
pay directly only such amount as, added to the $9, would
produce a total of $25 and not of $34. Respondents con-
tend that petitioner is bound to pay from his own imme-
diate funds the sum of $25 per month and that, therefore,
he has for some time been in arrears to the extent of $9
per month. It is upon this latter theory that respondent
court has threatened to punish petitioner for contempt.

It was stipulated at the hearing of the proceeding that the only question to be determined by us is whether the $9 received by the mother each month from the Bureau is an award to the minor child or to her mother, or whether it is a payment out of compensation belonging to petitioner. In other words, as we understand the stipulation, it is said that we are to determine only whether that sum is the property of the child or mother, or is the property of the father under the laws of the United States.

We decline to accept this stipulation as a proper definition of our duties in the case. We think another question must be decided before we reach the one referred to in the stipulation. In truth, our view concerning that first question renders it unnecessary to decide the point mentioned in the stipulation.

It is shown by the record, without contradiction, that for a long time before the interlocutory decree of divorce, and for some time after, petitioner paid to his former wife for the maintenance of the child the sum of $25 per month from his own pocket, and that during the period, or a considerable portion of it, she was also receiving $9 per month from the Veterans' Bureau. In other words, petitioner for a long time took a view of his duty and obligation under the agreement and decree which is directly contrary to the position which he seeks to assume in this proceeding. In other words, again, he construed the agreement and decree in a manner very different from the construction which he asks us to place upon them now. The rule of law is well known that where a party to an agreement has placed a certain construction upon it his conduct in that regard will be most persuasive upon the courts to regard the instrument in a similar light.

Under all the circumstances which are above set forth we are bound to place upon the agreement and decree that construction which petitioner gave it and upon which he acted so long. Certainly there is nothing in the portion of the agreement set forth in the petition which convinces us that his construction was an improper one. Nor does anything else in the record show that petitioner was wrong in his prolonged estimate of the effect of the agreement and of the decree.

A return was filed in the proceeding and many allegations of new matter were made in it which, if true, serve to make the case against petitioner stronger than we have above stated it. Under the record made at the hearing before us there is some doubt whether it was intended to be stipulated that these allegations of new matter are true. Consequently we have not considered such allegations— and there was no evidence to support them—but have stated the case from the undenied allegations of the petition and from the very meager evidence which was presented for our consideration.

A peremptory writ of prohibition is denied.

Craig, J., and Thompson (Ira F.), J., concurred.