[Civ. No. 8020. First Appellate District, Division Two.—July 19, 1932.]

THE MOTOR ACCEPTANCE CO., INC. (a Corporation), Appellant, v. THOMAS F. FINN, as Sheriff, etc., Respondent.

Charles Reagh for Appellant.

Arthur L. Shannon for Respondent.

SPENCE, J.—This action for conversion was brought against the defendant sheriff for the alleged wrongful sale upon execution of an automobile. From a judgment in favor of defendant plaintiff appeals.

The cause was tried upon an agreed statement of facts. It appears that an attachment was levied by the defendant sheriff upon said automobile in an action brought by the Western Bond and Mortgage Company against John McGriff. In that action plaintiff herein duly presented to defendant herein its third party claim based upon an assignment of a chattel mortgage upon said automobile. The attaching creditor thereupon presented to the defendant its verified statement and bond under section 2969 of the Civil Code claiming that said chattel mortgage was void. Defendant subsequently proceeded with the sale upon execution.

The sole question presented upon this appeal involves a determination of the relative rights of the Western Bond and Mortgage Company as attaching creditor and the plaintiff herein as the assignee of the chattel mortgage. We shall therefore proceed to a consideration of the admitted facts concerning said chattel mortgage.

On June 2, 1926, at Canon City in the state of Colorado, said John McGriff executed a promissory note for $876 and the chattel mortgage covering the automobile in question to the "Rainbow Route Garage". Said John McGriff signed his own name as mortgagor and the name "Rainbow Route Garage, By John McGriff" as the mortgagee. The parties have stipulated that the mortgagor and mortgagee "was at all times one and the same person". On said June 2, 1926, the note and chattel mortgage were assigned by said John McGriff to plaintiff herein in consideration of the payment by plaintiff to said John McGriff of the sum of $876. The

mortgage was duly filed in the office of the county clerk and recorder of Fremont County, Colorado, but the assignment was not filed or recorded. Neither the chattel mortgage nor the assignment was ever recorded in California. Shortly after the execution of these instruments said John McGriff, without the knowledge or consent of plaintiff, drove the automobile to California. On or about July 2, 1926, plaintiff learned that the automobile had been taken out of the state of Colorado, but was unable to locate it until after the attachment had been levied thereon in said month of July, 1926. The trial court entered its judgment in favor of defendant upon the agreed statement of facts as briefly outlined above and its judgment rests upon the theory that the rights of the attaching creditor were superior to those of plaintiff as assignee of said chattel mortgage.

In our opinion the judgment must be reversed. The chattel mortgage was not invalid because of the failure to execute and record the same in accordance with the laws of California and if the mortgage was valid under the laws of Colorado it should be recognized here. (*Mercantile Acceptance Co.* v. *Frank*, 203 Cal. 483 [57 A. L. R. 696, 265 Pac. 190].) The mortgage was filed as required by section 5083 of the Compiled Laws of Colorado (1921) and there is no requirement in that state that the assignment be filed or recorded. Respondent argues, however, in support of the judgment that the chattel mortgage as originally executed was invalid for want of parties, the same person being both mortgagor and mortgagee thereunder. (41 Cor. Jur. 375.) This may be freely conceded, but we do not believe that it is determinative of the issues here involved. After the note and chattel mortgage were executed, McGriff, in consideration of the payment to him by appellant of the sum of $876, assigned them to appellant and guaranteed the payment of the note by a written agreement of guarantee indorsed thereon. This transaction evidenced by the written instruments definitely indicated an intention by the parties to make the automobile security for the obligation of McGriff to appellant and in our opinion created an equitable mortgage enforceable as between McGriff and appellant despite the defect in parties in the original mortgage. (*Washington Lumber & Millwork Co.* v. *McGuire*, 213 Cal. 13 [1 Pac. (2d) 437]; *Nau* v. *Santa Ana Sugar Co.*, 79 Cal.

App. 685 [250 Pac. 705] ; *Title Ins. & Trust Co.* v. *California Development Co.,* 171 Cal. 173 [152 Pac. 542]; *Peers* v. *McLaughlin,* 88 Cal. 294 [22 Am. St. Rep. 306, 26 Pac. 119] ; *Tufts* v. *Beach,* 8 Colo. App. 33 [44 Pac. 771].) Ordinarily an attaching creditor obtains a lien only upon the interest which the debtor has in the property at the time of the attachment (3 Cal. Jur. 483) and the facts of the present case do not bring it within any exception to the general rule. The provisions of section 2957 of the Civil Code making chattel mortgages void as against creditors unless executed in compliance therewith as well as the provisions of section 2959 of the Civil Code are not applicable here. (*Mercantile Acceptance Co.* v. *Frank, supra.*) We conclude that appellant had a valid lien superior to the lien of the attaching creditor.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.