[L. A. No. 15553.   In Bank.—March 17, 1936.]

MAY B. BURNS, Appellant, v. W. H. PETERS et al., Respondents.

Wright, Monroe, Thomas & Glenn and John T. Hon for Appellant.

Hamilton, Lindley & Higgins and John H. McCorkle for Respondents.

WASTE, C. J.—This cause was taken over by this court after decision in the District Court of Appeal, Fourth Appellate District, not because of any dissatisfaction with the opinion therein prepared, but solely because it presents an action to quiet title, the jurisdiction to determine which, in the absence of transfer thereto by this court, does not lie with the District Courts of Appeal. Our examination of the record satisfies us that the opinion heretofore prepared by Mr. Presiding Justice Barnard correctly disposes of the cause and we adopt it as and for the decision of this court. It reads:

"In this action both parties sought to quiet their title to certain real property in San Diego County. This appeal is from a judgment in favor of the defendant Peters, who will be referred to as the respondent. The facts are undisputed and the question involved is whether a sale under a trust deed given to the appellant by the corporation owning the property gave her title, notwithstanding another sale to the respondent upon execution and after attachment in an action brought by him against the corporation.

"The action last referred to was filed on May 4, 1931, and an attachment issued the same day was levied against the real property. Judgment followed on May 24, 1932, and the

property was sold on execution to the respondent on July 5, 1932.

"The appellant was the secretary of the corporation which was indebted to her in the sum of $5,000. On August 30, 1928, the corporation executed and handed to her a note for that amount, together with a trust deed securing the same and covering this real property. The trustee named in the trust deed was Title Insurance & Trust Company and, admittedly, the instrument was not delivered to that company. This trust deed was recorded on December 13, 1930, and was apparently acknowledged on that date, the acknowledgment being irregular, as will hereafter appear. On September 4, 1931, the appellant commenced an action in the superior court of San Diego county to have a trustee appointed under the trust deed. Judgment was entered in this action on September 23, 1931, appointing another trustee in lieu of Title Insurance & Trust Company. A foreclosure sale under the trust deed was had on January 23, 1932, and a trustee's deed to the appellant was recorded on February 16, 1932.

"This controversy has arisen in part because of the manner in which the instrument was acknowledged but mainly because of the following statement which appears in the trust deed: 'This deed of trust shall not be effective unless prior to its recordation, the trust is accepted by the trustee under its corporate name and seal, by a duly authorized official thereof.' A photostatic copy of the trust deed is in the record, from which it appears that a printed form was used in which the name of the trustee, Title Insurance & Trust Company, occurs three times, the last being at the end of the instrument where a place was provided for the acceptance of the trust by that company. While the name of the company is there printed no signature appears in the space provided for the signature of a trust officer of the company. With this exception the blanks in the body of the instrument are appropriately filled in and the instrument was executed by the corporation owning the land through its president and secretary, with its seal attached. The trusts upon which the land is to be held are set forth in seven numbered paragraphs and following that the paragraph above quoted appears.

"At the beginning of the acknowledgment are the printed words 'State of California, County of Los Angeles.' The word 'Los Angeles' therein is crossed out and San Diego

written in place thereof with a pen. The acknowledgment then recites that on 'this 13th day of December', no year appearing, the president and secretary of the corporation, all named, appeared before William H. Frailey, a notary public 'in and for said county' and acknowledged in the usual manner that the corporation had executed the same. Following the notary's signature appear the words 'Notary Public in and for the county of Los Angeles, State of California.' Attached to the acknowledgment is the notary's seal containing the words 'Wm. H. Frailey, Notary Public, San Diego, Co., Calif.'

"While the respondent concedes that an attachment lien reaches only such interest as a debtor has at the time of the levy and that a deed or trust deed which actually conveys a title takes precedence over a subsequent attachment, he argues that there was no conveyance or pledge here which had become effective at the time his attachment issued, that this trust deed was an absolute nullity unless the trust was accepted before the instrument was recorded, that having been recorded before the trust was accepted by the trustee it could never become effective for any purpose and that, in any event, it was without force and effect until a decree was entered in the action seeking the appointment of a trustee, which was after the attachment had been levied. It is further argued that the clause requiring acceptance by the trustee named is a condition precedent which was never performed, that no title ever passed to the trustee, that a trust deed does not create a lien but conveys a title and that, therefore, no question of a lien can be here considered. And further, that the instrument in question was never delivered since it was handed to the beneficiary and not delivered to the trustee named therein.

"While ordinarily a trust deed conveys title and is not, strictly speaking, a lien, we are not in accord with respondent's contention that it may not be considered in that light under proper circumstances. The general nature of a trust deed is well set forth in *MacLeod* v. *Moran*, 153 Cal. 97 [94 Pac. 604], where the court points out that such an instrument is, after all, practically and substantially only a mortgage with a power of sale. It may at times and for some purposes be treated as an encumbrance. (*Hollywood Lumber Co.* v. *Love*, 155 Cal. 270 [100 Pac. 698].) It is a general rule that a trust will not be permitted to fail because of the refusal

of the named trustee to act. █ In view of the purpose of such a trust deed as this and the nature of the interest of the parties thereto, it must be held that it is not rendered void by failing to deliver the same to the trustee, and that the delivery to a beneficiary is a sufficient delivery, at least in so far as the principal parties thereto are concerned. (*Field* v. *Arrowsmith,* 3 Humph. (Tenn.) 442 [39 Am. Dec. 185]; *Stewart* v. *Fowler,* 3 Ala. 629; *Wells* v. *German Ins. Co. of Freeport, Ill.,* 128 Iowa, 649 [105 N. W. 123]; *Crocker* v. *Lowenthal,* 83 Ill. 579.)

█ "While the respondent argues that the clause requiring an acceptance by the trustee is plain and calls for no construction, he overlooks the fact that that clause conflicts with other portions of the instrument and that the meaning of the entire instrument is involved. Under such circumstances the courts often must look to the entire instrument and to the surrounding circumstances for the purpose of determining the intention of the parties. (6 R. C. L. 849.) █ The general rule is that where two clauses of a contract cannot be reconciled the first shall be received and the latter rejected. (6 R. C. L. 847.) The intention disclosed by the written portions of a contract should prevail over the printed portions thereof, where the two are conflicting. (Civ. Code, sec. 1651.)

█ The construction placed upon an instrument by the parties themselves is also most persuasive. (*Moore* v. *Superior Court,* 114 Cal. App. 333 [299 Pac. 760].) Where two constructions are possible, the one leaving the contract valid will be preferred since it is reasonable to suppose that the parties meant something by their agreement. (6 Cal. Jur. 268.) A contract must be so interpreted as to make it operative if this can be done without violating the intention of the parties. (Civ. Code, sec. 1643.) An interpretation which gives. effect is preferred to one which makes void. (Civ. Code, sec. 3541.)

█ "In applying these rules we are not convinced that the clause relied upon by the respondent destroys the effect of this instrument as a trust deed. The clause in question appears in the printed form which was used and obviously was not noticed or considered controlling by the parties as shown by their conduct. Not only was this clause for the protection and benefit of the trustee but the entire circumstances negative the idea that it was the intention of the

parties that this instrument should have no effect until an acceptance by the trustee was secured. The trial court found that $5,000 had been actually advanced by the beneficiary to the corporation which then owed her that amount. The trust deed was delivered to her and later acknowledged and then recorded. The evidence is that the trustee was not spoken to about the matter until foreclosure proceedings were being started. In a subsequent court action between the principal parties to the transaction another trustee was appointed, followed by the sale of the property. The clause in question is practically the last clause in the instrument and theretofore the trust deed recites that the corporation is indebted to the beneficiary in the sum of $5,000 and has agreed to pay the same, that one of the purposes of the execution of the instrument is to secure the payment of said indebtedness, that in consideration of the debt the trustor does hereby grant and convey the property to the trustee to secure the debt and to be reconveyed upon payment of the same, with appropriate provisions for sale and payment of the amount due in case of default, and paragraph seven reads as follows:

" 'This deed of trust secures the payment of all the indebtedness and the performance of all the obligations hereinbefore referred to, and in all its parts, except as herein otherwise provided, applies to, inures to the benefit of, and binds, the heirs, administrators, executors, successors and assigns of all and each of the parties hereto.'

"The appellant and the corporation treated this as a valid trust deed as between themselves, as shown by their actions and conduct, and its validity as between them was recognized in the action for the appointment of another trustee, in which action the corporation was a defendant, and which action is binding on the real parties in interest to the trust deed. In *Wood Estate Co.* v. *Chanslor*, 209 Cal. 241 [286 Pac. 1001], the court said:

" 'It is too elementary to need citation of authority that if the corporation is estopped, in absence of fraud, the estoppel likewise applies against the creditors of the corporation. This is so because the creditors get only the rights of the debtor, and no more. (10 Cal. Jur. 652.)

" 'It should also be pointed out that the two parties to the trust deed—i e., the Mining Company and respondent—are not seeking to avoid the instrument, but, in fact, both are seeking

to uphold it. Appellants' objection is that the authority of the agent must be in writing under our statute of frauds. Just how a third party to such a contract can attack it, when the two principals do not object, is not made to appear. It would seem to be the rule that third parties cannot avail themselves of the defense of the statute if the two principals acquiesce. (12 Cal. Jur. 925; 25 R. C. L. 736.)'

■ "Whether or not this instrument be construed to be sufficient as a trust deed, we think it must be upheld as an equitable lien or mortgage. (*Earle* v. *Sunnyside Land Co.*, 150 Cal. 214 [88 Pac. 920]; *Hollywood Lumber Co.* v. *Love*, *supra*; *Wood Estate Co.* v. *Chanslor*, *supra*; *Withers* v. *Bousfield*, 42 Cal. App. 304 [183 Pac. 855].)

■ "Being effective as between the parties this instrument took precedence over a subsequent attachment. An attaching creditor is not a *bona fide* purchaser and when attaching property subject to a mortgage, whether recorded or not, he takes only the interest the mortgagor had at the time of the levy. (*Motor Acceptance Co.* v. *Finn*, 124 Cal. App. 766 [13 Pac. (2d) 761]; *Ahern* v. *Tulare Lake Canal Co.*, 115 Cal. App. 93 [1 Pac. (2d) 490]; *Iknoian* v. *Winter*, 94 Cal. App. 223 [270 Pac. 999]; *Richman* v. *Bank of Perris*, 102 Cal. App. 71 [282 Pac. 801]; *Eichler* v. *Gray*, 27 Fed. (2d) 328; *Farmers' Exchange Bank* v. *Purdy*, 130 Cal. 455 [62 Pac. 738].)

"Under our views on the main points presented it is not necessary to pass on the sufficiency of the acknowledgment on this instrument, although we would hesitate to hold that it was not sufficient to entitle the paper to be recorded since it plainly appears therefrom that it was acknowledged in San Diego county before a notary public in and for that county, although the name of the county was not changed in the final line of the printed form of certificate.

"The trial court found that on August 30, 1928, the corporation in question was indebted to the appellant in the sum of $5,000, that it then executed this instrument for the purpose of securing this indebtedness, that on that day it placed the same in the hands of the appellant, and that it was filed for record on December 13, 1930. As conclusions of law, the court found that the deed of trust was not delivered, that the purported delivery to the appellant was not sufficient to pass any title, that the deed of trust by its own terms did not

become effective for any purpose because it was not accepted by the trustee named therein prior to its recordation, that the deed of trust was not so acknowledged as to entitle it to be recorded, that the spreading of it upon the records of San Diego County did not constitute notice to the respondent, and that the appellant had no right, title or interest of any kind in and to said real property at the time the attachment was levied on May 14, 1931. Under the circumstances here appearing we think this instrument was not a nullity, and that the conclusions drawn are erroneous.''

The judgment is reversed with directions to the trial court to amend its findings and conclusions of law to conform to the views herein expressed and to enter judgment in favor of the plaintiff, quieting her title.

Langdon, J., Curtis, J., Shenk, J., and Seawell, J., concurred.