CRAIG, District Judge.
 

 Plaintiff was the holder of two promissory notes in the amount of $25,000.00 each, made by the bankrupts and secured by trust deeds on certain real property of the bankrupts. On May 1, 1976, the bankrupts.and the plaintiff entered into an agreement whereby the bankrupts promised to give the plaintiff $5,000.00 cash, plus a new note for $20,000.00, secured by a new trust deed on the bankrupts’ real property located in Buena Park, California. In consideration of the above the plaintiff promised to reconvey to the bankrupts the original two trust deeds owned by plaintiff. In reliance on the bankrupts’ promise to execute and deliver to plaintiff the new note for $20,000.00 and the new trust deed securing the same, the plaintiff reconveyed the original two trust deeds to the bankrupts. The bankrupts paid $5,000.00 to the plaintiff, but failed to execute the new note as provided for in the said agreement. After the bankrupts declared bankruptcy, the Buena Park proi>erty was sold by the defendant-trustee, pursuant to a stipulation to the effect that the proceeds from the sale be held by the trustee in a separate trust account, pending determination of the claim of plaintiff to said proceeds.
 

 
 *1039
 
 The trustee argues that, since plaintiff did not perfect his mortgage, he is merely an unsecured creditor, and has no rights in the Buena Park property. The plaintiff, on the other hand, claims that he possessed a valid equitable mortgage on the Buena Park property, and that said equitable mortgage is superior to the trustee’s rights in the property, and, therefore, the plaintiff is entitled to the full proceeds received from the sale of the Buena Park property.
 

 The Bankruptcy Court rejected the plaintiff’s equitable lien claim because of the plaintiff’s failure to comply with the California Statute of Frauds, 1624 California Code of Civil Procedure, which requires a conveyance of an interest in real property to be in writing.
 

 The court cited the Bankruptcy Act § 60(a)(6), 11 U.S.C. § 96, which states that the “recognition of equitable liens where available means of perfecting legal liens have not been employed is hereby declared to be contrary to the policy of this section,” as support for its conclusion that the trustee in bankruptcy should not be estopped from asserting the statute of frauds in this situation. The court further concluded that the payment by plaintiff of the price for the new promissory note and deed of trust is not sufficient performance to take the transaction out of the statute.
 

 The District Court for the Central District of California, Hon. Robert M. Takasu-gi, affirmed the Bankruptcy Court’s Order.
 

 It is apparent that the plaintiff in this case had an equitable lien upon the property in question. Where the parties have manifested an intention that the real property of one of them shall be especially set aside as security for the payment of an obligation due to the other, equity will give effect to the intention by treating the prop-orty as though it had been validly mortgaged. Just as an executory contract to sell land is treated in equity as transferring an equitable title to the purchaser, an executory contract to execute a mortgage creates an equitable mortgage if money has been lxmrowed or other obligation incurred on the faith of it. H. McClintock, Equity, 320-21 (2d Ed. 1948). Equity liens are “much favored by the courts to do justice and prevent unfair results.”
 
 Holder v. Williams,
 
 167 Cal.App.2d 313, 334 P.2d 291 (1959).
 

 In the present factual situation the bankrupts failed to fulfill their promise of executing a new note and trust deed on the property despite the full performance by the plaintiff of his duties under the agreement. Under these circumstances, there can be little doubt that a court of equity would grant, on the plaintiff’s behalf, an equitable lien upon the property in question. The Bankruptcy Court held that the plaintiff was barred from claiming that he possessed an equitable lien because of the California Statute of Frauds provision. This conclusion was in error, however, since the doctrine of partial performance took this transaction out of the statute, and for the further reason that, under this set of circumstances, the trustee in bankruptcy is estopjKid from asserting the statute of frauds as a defense to plaintiff’s claim of an equitable lien.
 

 Paragraph 2 of the Bankruptcy Judge’s Conclusions of Law stated that “payment by plaintiff of the price of the new promissory note and deed of trust is not sufficient performance to take the transaction out of the statute.” The Bankruptcy Court’s conclusion has reference to the doctrine of partial performance.
 
 [1]
 

 
 *1040
 
 The present case is certainly a classic example of the part performance doctrine. Plaintiff’s reconveyance of the original trust deeds, in accordance with the agreement, constituted the requisite performance necessary to take this transaction out of the operation of the statute,
 

 “Where there is a verbal agreement under which each of the parties is to convey land to the other, it is generally held that a conveyance by one on the faith of the agreement constitutes such part performance as will in equity take the case out of the operation of the statute.”
 
 Pearsall v. Henry,
 
 153 Cal. 314, 95 P. 154, 157-158 (1907).
 

 In addition, the trustee is estopped from using the Statute of Frauds as a defense to the enforcement of the oral agreement. The Ninth Circuit has ruled in
 
 Hunt Foods v. Phillips,
 
 248 F.2d 23 (1957) that:
 

 “Where a party to an oral contract has been induced by the other party to seriously change his position in reliance upon, or in the performance of, the contract, and would suffer an unconscionable injury if it were not enforced ... the doctrine of estoppel will be invoked and the statute of frauds will not be available to perpetrate the fraud.” See also
 
 Monarco v. LoGreco,
 
 35 Cal.2d 621, 220 P.2d 737-39 (1950).
 

 Clearly, the plaintiff was induced to, and did reconvey the original trust deeds to the bankrupts in reliance on the oral promise of the bankrupts to execute a new note and trust deed and he will suffer an unconscionable injury if the contract is not enforced. Thus, on the basis of estoppel, the trustee cannot pose the Statute of Frauds as a defense to the plaintiff’s equitable lien.
 

 The trustee further argues that an equitable lien is inappropriate and unenforceable in a bankruptcy context. § 60(a)(6) of the Bankruptcy Act is cited for this proposition.
 

 The trustee misconstrues the effect of § 60(a)(6) of the Bankruptcy Act. Again, § 60(a)(6) states that the “recognition of equitable liens, where available means of perfecting legal liens have not been employed, is hereby declared to be contrary to the policy of
 
 this section.
 
 (Emphasis added.)
 
 “This section”
 
 means § 60 of the Bankruptcy Act, which is only concerned with preferences.
 
 In re Batchelder,
 
 235 F.Supp. 654, 656 (S.D.Me.1964). It is clear from the history of § 60(a)(6) that the policy against recognition of equitable liens is relevant only for the purpose of determining the effective date of an otherwise voidable preferential transfer. The quoted section is limited to § 60 of the Act, and does not extend to other sections of the Act.
 

 The final step in this case is determining whether a valid equitable lien is superior to the trustee’s claim as a judgment creditor.
 

 It is clear that a bona fide purchaser has a property right superior to that of a holder of an equitable mortgage for the simple reason that the bona fide purchaser has no notice of the equitable lien. It is equally clear, however, that a trustee does not assume the status of a bona fide purchaser, but rather “succeeds only to such rights as the bankrupt possessed; and the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition.”
 
 Bank of Marin v. England,
 
 385 U.S. 99, 101, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966). The trustee “stands in the shoes of the bankrupt . .. and is not an innocent holder for value but takes title to property subject to all liens and equities.”
 
 In re Troy,
 
 490 F.2d 1061 (6th Cir. 1974). “... The trustee even under 70c is not a bona fide purchaser.” 4B
 
 Collier on Bankruptcy,
 
 § 70.62, at 690 (14th Ed. 1978).
 

 According to § 70(c) the trustee in this case assumed the status of a judgment lien creditor. The trustee came into this posi
 
 *1041
 
 tion after the plaintiff acquired his equitable lien. California state law will determine whether the trustee’s or the plaintiff’s right is superior. “Section 60c, however, confers upon the trustee only the rights of a judgment creditor, one with an execution returned unsatisfied and a creditor holding a lien through legal or equitable proceedings as of the date of bankruptcy. Hence, unless that grant has the effect under applicable state law of conferring upon the trustee a superior right over the equitable claimant, the trustee takes the bankrupt’s title subject to all the valid equities, equitable liens or equitable assignments asserted against the bankrupt’s property so far as § 70c is concerned.”
 
 Id.
 

 It is apparent that California law holds that the interest of the attaching or judgment lien creditor is subject to any prior interests, including unknown equitable interest, whether or not the prior interest is recorded.
 

 “An attachment or judgment is a lien only on the interest of the judgment debtor. Latent equities against the debt- or, such as arise upon a resulting trust, may be asserted against his attachment or judgment creditor who as to such equities does not have the status of a bona fide purchaser.”
 
 McGee
 
 v.
 
 Allen,
 
 7 Cal.2d 468, 60 P.2d 1026, 1029 (1936).
 
 See also Burns v. Peters,
 
 5 Cal.2d 619, 55 P.2d 1182 (1936).
 

 “The law is well settled that the lien of a judgment does not attach to a naked title, but only to the judgment debtor’s interest in the real estate...”
 
 Iknoian v. Winter,
 
 94 Cal.App. 223, 225, 270 P. 999, 1000 (1928).
 

 For reasons enumerated in this opinion, the Bankruptcy Court’s conclusion that the plaintiff was not entitled to an equitable lien was in error, and said decision is, therefore,
 

 REVERSED.
 

 [1]
 

 . 2A.
 
 Corbin, Contracts
 
 § 340, at 198 (1950).
 

 Oral contracts for the transfer of an interest in land have in hundreds of instances been specifically enforced on the ground that there has been such a part performance as would cause greater liberality in the application of this doctrine. In these cases the elements of fraud and mistake are generally not involved ....
 

 Part performance, as ground for specific enforcement of an oral contract, has generally been applied to contracts for the transfer of land ....
 

 In explaining why courts will enforce a partially performed oral contract which ordinarily would be governed by the Statute of Frauds, Corbin states:
 

 
 *1040
 
 It does this on grounds of public policy to prevent the statute from causing the kind of harm it was intended to prevent. If this reason is sufficient to satisfy the conscience of the court and to give it judicial power in part performance cases, it should do the same where a deed conveys less than agreed and where fraud or mistake has prevented a written memorandum from truly expressing an agreement.