92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The FEDERAL HOME LOAN MORTGAGE CORPORATION; Plaintiff-Appellant,
v.
SANTA PAULA SAVINGS & LOAN ASSOCIATION, et. al., Defendants,
and
Sears Savings Bank, f/k/a Security Savings and Loan
Association; Robert O. Potter, an individual; PFG
Mortgage, Inc.; Alan Fields, an individual; Joseph Dailey,
an individual; Lorraine Dailey, an individual; and Steven
Hughes, an individual, Defendants-Appellees.
 No. 94-56075.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1996.*
Decided July 31, 1996.
 
 1
 Before: BRUNETTI and RYMER, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 The District Court granted Sears, Fields, and Daleys' motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, in Freddie Mac's action against Potter, Hughes and PFG Mortgage for selling Freddie Mac $5 million in fraudulent home loans. Federal Home Loan Mortgage Co. (Freddie Mac) appeals. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.
 
 DISCUSSION
 
 4
 The parties are familiar with the facts and we need not restate them here.
 
 A. Notice of Appeal
 
 5
 Appellee Alan Fields argues that because Freddie Mac did not file a Notice of Appeal until after the entry of the district court's September 30, 1992 order dismissing Fields with prejudice, Freddie Mac's Notice of Appeal is untimely as to him. Appellees' argument lacks merit.
 
 
 6
 In an action involving multiple parties or claims, any decision that adjudicates liability of fewer than all of the parties does not terminate the action unless (1) the district court expressly [certifies] that there is no just reason for delay and (2) expressly directs the entry of judgment. Fed.R.Civ.P. 54(b).
 
 
 7
 The court's September 30, 1992 order did not dismiss Potter and Hughes from the case, and Appellants' request for certification of the September 30, order was denied. Thus, the September 30th decision was not final and appealable, but an unappealable interlocutory order. Thompson v. Betts, 754 F.2d 1243, 1245 (5th Cir.1985).
 
 
 8
 Fields argues that absent certification, an otherwise interlocutory order is appealable under the Cohen collateral order doctrine if it (1) conclusively determines the disputed controversy, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment. Betts, 754 F.2d at 1246. In the instant case, the district court's order of dismissal conclusively determined rights to the restitution funds, a matter wholly separate from the issues involved in the prior criminal litigation.
 
 
 9
 While the trial court's decision meets all three prongs of the Cohen collateral order doctrine, appeals of interlocutory orders are permissive, not mandatory. See McIntosh v. Weinberger, 810 F.2d 141, 1431 n. 7 (9th Cir.1987), cert. denied, 487 U.S. 1217 (1988) (failure to appeal an interlocutory order does not bar raising it on appeal after trial). Freddie Mac's appeal is timely.
 
 B. Constructive Trust
 
 10
 Freddie Mac claims that Appellees hold the restitution funds in constructive trust for its benefit. The District Court found that Freddie Mac did not state a claim for constructive trust against Sears, Fields and the Daleys. We agree.
 
 
 11
 A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. Kelson v. City of Springfield, 767 F.2d 651, 653 (9th Cir.1985). A dismissal will not be upheld unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir.1986).
 
 
 12
 A constructive trust cannot be imposed upon property in the hands of a bona fide purchaser. A bona fide purchaser is a transferee who acts in good faith, for a valuable consideration, and without actual or constructive notice of the rights of others. Gates Rubber Co. v. Ulman, 262 Cal.Rptr. 630 (1989).
 
 
 13
 Fields, the Daleys and Sears gave up their right to sue Potter, Hughes and PFG, in return for receipt of the restitution funds. Thus, there was a change of Appellees' legal position for the worse. Forebearing a legal right is valuable consideration. See Oakdale Village Group v. Fong, 50 Cal.Rptr.2d 810, 815 (1996). Freddie Mac also argues that Appellees are attachment and judgment creditors, and not bona fide purchasers. A creditor who seeks by judicial process to attach the property of his debtor to satisfy a debt stands in the position of a purchaser with notice, and his lien is subject to whatever infirmities exist in the debtor's title. Kinnison v. Guaranty Liquidating Corp., 18 Cal.2d 256, 263 (1941) (en banc), citing McGee v. Allen, 7 Cal.2d 468, 473 (1936). See also In re Rogal, 112 F.Supp. 712, 717 (S.D.Cal.1953) (attachment or judgment creditor is not a bona fide purchaser for value); In re Destro, 675 F.2d 1037, 1040 (9th Cir.1982) (interest of attaching or judgment lien creditor takes subject to any prior interests).
 
 
 14
 Sears and Fields had no notice of the Freddie Mac claim at the time of the restitution order. The parties acted in good faith and without wrongdoing. While the state restitution was awarded pursuant to court order, it was not acquired through attachment or execution levy. Thus, Appellees are bona fide purchasers. As appellees are not lien or judgment creditors, California law respecting lien and judgment creditors is not applicable.
 
 
 15
 Freddie Mac failed to state a claim for relief, and the district court's dismissal of Appellees under Fed.R.Civ.P. 12(b)(6) was proper.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge, Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3