NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEE ANN LOVE, Plaintiff-Appellant, v. JOHNNY OLIVER WISEMAN; et al., Defendants-Appellees. | No.   20-15641 D.C. No. 5:19-cv-01688-BLF MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted November 22, 2021**
San Francisco, California

Before:  OWENS, BADE, and LEE, Circuit Judges.

Lee Ann Love appeals pro se the district court's judgment affirming the bankruptcy court's ruling that she held a non-dischargeable, unsecured claim against the chapter 7 estate of the Wisemans.  We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291.  We independently review the bankruptcy court's decision on

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

appeal from the district court. *In re Gilman*, 887 F.3d 956, 963 (9th Cir. 2018). We review the bankruptcy court's findings of fact for clear error and conclusions of law de novo. *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1019 (9th Cir. 2012). We affirm.

1. The bankruptcy court properly determined that Love's claim was unsecured because she failed to establish that she had perfected her alleged lien under state law. *See* Cal. Code Civ. Proc. § 405.23 ("Any notice of pendency of action shall be void and invalid as to any adverse party or owner of record unless . . . a proof of service in the form and content specified in Section 1013a has been recorded with the notice of pendency of action."). Love now argues, for the first time on appeal, that she holds an equitable ownership interest in the property, and therefore her compliance with the lis pendens requirements is not material.

We reject her argument. The authority cited by Love refers to superseded statutes. *In re Destro*, 675 F.2d 1037, 1039-40 (9th Cir. 1982) (analyzing the status of trustee under superseded Bankruptcy Act). The relevant authority now in place gives the chapter 7 trustee rights superior to any equitable lien held by Love. *In re Seaway Express Corp.*, 912 F.2d 1125, 1128-29 (9th Cir. 1990) ("When a creditor claims an inchoate equitable interest in real property owned by the debtor at the commencement of the case, which interest is not evidenced by a recorded instrument and not yet granted by a state court, the trustee as bona fide purchaser prevails.").

2.     Love also argues that the district court and bankruptcy court made a host of other errors.  We disagree.  Love has not established sufficient factual or legal bases to support her assertions.  Finally, Love's request for judicial notice is denied as unnecessary.  *See* Fed. R. App. P. 10.

**AFFIRMED.**