**TELEDYNE WISCONSIN MOTOR, Plaintiff,**

**v.**

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL NO. 283 and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), Defendants.**

**No. 70–C–435.**

United States District Court, E. D. Wisconsin.

Oct. 26, 1970.

Herbert P. Wiedemann and Michael J. Zimmer, Milwaukee, Wis., for plaintiff.

Zubrensky, Padden, Graf & Bratt, by George F. Graf, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The motions before this court relate to the plaintiff's right to amend its complaint and its application for summary judgment.

This action was commenced before the Wisconsin employment relations commission and was removed to this court by the defendants. The plaintiff does not dispute the validity of the removal; this court has jurisdiction over the action under 29 U.S.C. § 185(a).

The original complaint before the Wisconsin employment relations commission alleged that the defendants violated the collective bargaining agreement between the parties by prohibiting overtime work which the plaintiff had scheduled. The complaint charges that this was in violation of an express provision of the agreement between the parties; the plaintiff had asked the commission to issue a cease and desist order.

In its proposed amended complaint, plaintiff seeks an order granting specific performance of the arbitration provision of the contract and adds a second count which sets forth alleged damages incurred by the plaintiff as a result of the prohibition as to overtime work; damages and an injunction are sought in connection with the latter count.

## I. AMENDMENT OF COMPLAINT

The plaintiff amended its complaint on the assumption that it was entitled to do so, as a matter of course, under Rule 15(a), Federal Rules of Civil Procedure. Subsequently, the plaintiff recognized that it was obliged to obtain leave of court and has now formally moved for such authorization. The defendants have moved to dismiss the proposed amendment and alternatively have demanded a "reasonable period of time to answer" the amended complaint.

■ In my opinion, leave to file the amended complaint should be granted. Rule 15(a) directs that such leave "shall be freely given when justice so requires". The removal of the case from the Wisconsin employment relations commission to the federal court justified the plaintiff's desire to recast the complaint. For example, it is inappropriate to seek a cease and desist order from this court, although such application was entirely consonant with practice before the commission.

## II. SUMMARY JUDGMENT

The granting of the motion to amend the complaint does not stand in the way of the court's resolution of the summary judgment motion. In its brief, the plaintiff expressly limits its motion for summary judgment to the question of arbitration. It excludes from the scope of its motion the application for damages and injunctive relief which are a part of the second cause of action in the amended complaint. The defendants have filed a formal motion to dismiss the motion for summary judgment.

The thrust of the first cause of action is the plaintiff's contention that a dispute had arisen between the parties as to the interpretation of Article III, Section 2, subsection E, relating to overtime work; because of the existence of this dispute, the plaintiff insists that it is entitled to arbitration pursuant to Article II, Section 6 of the contract. The latter section provides in part as follows:

"Should any dispute, differences, or grievances arising because of interpretation of the contract fail to have been concluded in the above steps within ten (10) work days after reduction to writing in the manner herein and above provided, the matter *may* be referred to a mutually agreed upon arbitrator * * *." (Emphasis added).

The plaintiff urges that under the foregoing provision it was entitled to "compelled arbitration" after it demanded such arbitration and the defendants declined such demand. The plaintiff contends that its right to such compelled arbitration is found in Wisconsin Motor Corporation v. WERB, 274 Wis. 85, 79 N.W.2d 119 (1956).

In my opinion, it is not apparent at this time that the plaintiff is right in its view that it is entitled to arbitration. The use of the word "may" in the arbitration provision tends to contradict the plaintiff's contention. In addition, it is noted that at page 94 of its opinion [79 N.W.2d at page 124] in Wisconsin Motor Corporation v. WERB, the court stated:

> " * * * First, it does not say that disputes *shall* be arbitrated, but only that they *may* be referred to an arbitrator. Thus, arbitration is not automatic."

The fact that there is a dispute regarding the interpretation of a contract provision does not justify the court's granting summary judgment in this case since it is not clear to me that the existence of a dispute invokes the right to automatic arbitration. It may be that the Wisconsin employment relations commission could have *ordered* arbitration; it may also be true that upon taking proper preliminary steps, the plaintiff would be entitled to require the submission of the dispute to arbitration. However, upon the present status of the pleadings in this case, I am not satisfied that, in all events, Teledyne is entitled to compel the defendants to engage in arbitration.

Now, therefore, it is ordered that the plaintiff's motion to file its amended complaint be and hereby is granted.

It is further ordered that the defendants be and hereby are granted 20 days from the date of this order in which to file a responsive pleading to the said amended complaint.

And it is further ordered that the plaintiff's motion for summary judgment be and hereby is denied and that the defendants' motion to dismiss the plaintiff's motion for summary judgment be and hereby is granted.