[Civ. No. 30934. First Dist., Div. One. Dec. 13, 1972.]

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 18, AFL-CIO, Plaintiff and Appellant, v.
AMERICAN BUILDING MAINTENANCE COMPANY, Defendant and Respondent.

## COUNSEL

Levy & Van Bourg, Victor J. Van Bourg and Stewart Weinberg for Plaintiff and Appellant.

Severson, Werson, Berke & Melchior and Nathan R. Berke for Defendant and Respondent.

## OPINION

**ELKINGTON, J.**—We are presented on this appeal with but one question, i.e., whether an agreement between the appellant union and respondent American Building Maintenance Company shall be construed as requiring, at the election of one of the parties, arbitration of certain disputes. In a proceeding to compel such arbitration the superior court construed the agreement as *not* requiring such arbitration. This appeal from an "Order Dismissing [the union's] Petition to Compel Arbitration" followed.

The agreement alone, without extrinsic evidence, was considered by the superior court; accordingly "we must make an independent determination" of its meaning. (*Parsons* v. *Bristol Development Co.,* 62 Cal.2d 861, 866 [44 Cal.Rptr. 767, 402 P.2d 839].) This we must do from

the language of the agreement itself, aided by such relevant authority and rules of construction as are available to us.

The relevant portion of the agreement provides: "In the event that any matter submitted to the Board of Adjustment cannot be settled within five (5) consecutive business days, time may be extended by mutual agreement with the parties hereto, or *the issue in dispute may be submitted to an impartial arbitrator* who shall be selected from lists presented by the Employer and the Union. In the event arbitration is resorted to, then the cost of arbitration shall be borne equally by the Employer and the Union. The decision of the arbitrator so selected shall be in writing, a copy of which shall be furnished to the Employer and the Union and shall be binding upon the parties hereto." (Italics added.)

It will be obvious that we are concerned with the many connotations and shades of meaning of the common English verb "may." (See generally 26A Words and Phrases (perm. ed.) pp. 386-523.)

The union contends—the dispute not having been timely settled by the Board of Adjustment—that the employee and the union have a *right* to have the matter submitted to arbitration.

The respondent employer argues that since the word "shall" is not used, "arbitration is neither automatic nor compulsory"; instead, it says the agreement simply "provides that if the Board of Adjustment cannot settle the matter within five business days, then the parties by mutual agreement *may* extend the time or *may* submit it to arbitration."

A portion of respondent's argument is patently erroneous. Reference to the agreement will indicate that while "time may be extended by mutual agreement with the parties hereto," the words *"mutual agreement"* are not made applicable to the disjunctive clause, "the issue in dispute may be submitted to an impartial arbitrator."

█ Our inquiry narrows to the question whether, in the agreement's context, the language "the issue in dispute may be submitted to an impartial arbitrator" must be construed as implying (1) with the consent of both parties, or (2) at the option of either.

It is observed that under the construction contended for by respondent the arbitration provision would be of little purpose. It would lack validity and enforceability, and would amount to no more than a barren recital that the parties might in the future agree to arbitrate a dispute.

It is a fundamental rule of contractual construction that where two interpretations are reasonably permissible, courts will adopt that which renders a contract valid and effectual. (*Long Beach Drug Co.* v. *United Drug Co.,* 13 Cal.2d 158, 166-167 [88 P.2d 698, 89 P.2d 386]; *Pacific Wharf etc. Co.* v. *Dredging Co.,* 184 Cal. 21, 25 [192 P. 847]; *Canavan* v. *College of Osteopathic P. & S.,* 73 Cal.App.2d 511, 518 [166 P.2d 878]; *White* v. *Cascade Oil Co.,* 14 Cal.App.2d 695, 701-702 [58 P.2d 994].) Such an interpretation will be given as will make the contract operative and capable of being carried into effect, if not contrary to the parties' manifest intention. (Civ. Code, §§ 1643, 3541; *Rodriguez* v. *Barnett,* 52 Cal. 2d 154, 161 [338 P.2d 907]; *Lawrence* v. *Shutt,* 269 Cal.App.2d 749, 761 [75 Cal.Rptr. 533]; *Merriman* v. *Martin,* 113 Cal.App. 167, 175 [298 P. 95].) "Of two permissible constructions, one that establishes a valid contract is preferred to one that does not . . . ." (*Superior Wholesale Elec. Co.* v. *Cameron,* 264 Cal.App.2d 488, 493 [70 Cal.Rptr. 636].) And as said in *Burns* v. *Peters,* 5 Cal.2d 619, 623 [55 P.2d 1182], "it is reasonable to suppose that the parties meant something by their agreement."

It follows, if the arbitration provision here at issue is reasonably subject to a construction rendering it valid and effectual, the superior court's interpretation was erroneous.

Among its many connotations the word "may" is sometimes used in granting to either of opposing parties a right, or privilege, with regard to the dispute. Thus, "An appeal *may* be taken in a civil action or proceeding . . ." (italics added; Code Civ. Proc., § 904), and "An action *may* be brought to determine [certain] adverse interests . . ." (italics added; Code Civ. Proc., § 801.1). It is obvious that as of right the "appeal" may be taken, or the "action" brought, unilaterally and without "mutual agreement" of the disputants. A similar meaning may reasonably attend the words, "the issue in dispute may be submitted to an impartial arbitrator."

Such an interpretation was placed on comparable language in *Deaton Truck Line, Inc.* v. *Local Union 612, etc.* (5th Cir. 1962) 314 F.2d 418. There a contract provided that in the event of a "grievance or dispute": " 'If the Union and the Company fail to agree, the dispute may be submitted to the arbitration and the decision of the arbiter shall be final. The arbiter shall have authority to make awards on all matters coming within the scope of this agreement except on matters pertaining to increase or decrease of compensation to the Employees unless provided for in this Agreement. The arbiter to be agreed upon by the parties.' " (P. 421.)

The court stated (p. 422): "Appellant argues that the use of the word 'may' in the contract prevents arbitration from being compulsory or obligatory. Clearly, however, 'may' should be construed to give either aggrieved party the option to require arbitration."

*Deaton Truck Line, Inc.,* was followed in *Bonnot v. Congress of Independent Unions Local #14* (8th Cir. 1964) 331 F.2d 355. There a collective bargaining contract provided that "either party may request arbitration" of a grievance. The court said (p. 359): "The obvious purpose of the 'may' language is to give an aggrieved party the choice between arbitration or the abandonment of its claim. The presence of this or similar language has not prevented the conclusion that a claim, if pressed, is compulsorily subject to arbitration. See American Mfg. Co., supra, p. 565 of 363 U.S., 80 S.Ct. 1343, 4 L.Ed.2d 1403, where the contract provided that differences 'may be submitted,' and Drake supra, p. 257 of 370 U.S., p. 1349 of 82 S.Ct., 8 L.Ed.2d 474, footnote 2, where the contract read, 'either party shall have the right to refer the matter to arbitration.' The Fifth Circuit has flatly rejected the union's argument. Deaton Truck Line, Inc. v. Local 612 etc., International Bhd. of Teamsters, 314 F.2d 418, 422 (5 Cir. 1962). We agree."

We have read and considered the authorities relied upon by respondent in support of its theory of interpretation.

*Teledyne Wisconsin Motor v. Auto Workers* (E.D.Wis. 1970) 75 L.R.R.M. 2472. Here the contractual provision before the court provided that an otherwise unresolved dispute "may be referred to a mutually agreed upon arbitrator." On a motion for summary judgment the court declined to order a reluctant union to arbitrate. The court said, "In my opinion, it is not apparent at this time that the plaintiff is right in its view that it is entitled to arbitration. The use of the word 'may' in the arbitration provision tends to contradict the plaintiff's contention. In addition, it is noted that at page 94, 39 LRRM 2074, of its opinion in Wisconsin Motor Corporation v. WERB, the court stated: '. . . First, it does not say that disputes *shall* be arbitrated, but only that they *may* be referred to an arbitrator. Thus, arbitration is not automatic.' The fact that there is a dispute regarding the interpretation of a contract provision does not justify the court's granting summary judgment in this case since it is not clear to me that the existence of a dispute invokes the right to automatic arbitration. It may be that the Wisconsin employment relations commission could have *ordered* arbitration; . . ." The court's ruling, suggesting that a lower administrative agency might have *ordered* arbitration under the agreement, seems mainly

concerned with whether arbitration was "automatic." In the case before us the parties concede that arbitration was *not* automatic; the union's contention is that it was to be resorted to only on demand of one of the parties. We note also that the *Teledyne* court gives no consideration to the *Deaton Truck Line, supra,* 314 F.2d 418, and *Bonnot, supra,* 331 F.2d 355, decisions. To such extent that *Teledyne* is inconsistent with those cases we think it must yield to their higher authority and greater persuasiveness.

*Independent Oil Wkrs. at Paulsboro, N.J.* v. *Mobil Oil Corp.* (3d Cir. 1971) 441 F.2d 651, is wholly inapplicable to our problem; it concerns a contract's provision that disputes (p. 652, fn. 3) "shall be submitted to arbitration on the written demand of either party, . . ." and an "escape" clause which nullified the mandatory effect of that language. Nor is *Playboy Clubs* v. *Hotel and Restaurant Union* (S.D.N.Y. 1971) 76 L.R.R.M. 2419, of assistance; it involves no contractual stipulation even remotely resembling that with which we are concerned.

By our decision we resolve the only question presented to us, the construction of the contract's arbitration clause. We make no determination whether the grievance which triggered the union's arbitration demand was subject to that provision.

The "Order Dismissing Petition to Compel Arbitration" is reversed; the superior court will take further proceedings not inconsistent herewith.

Molinari, P. J., and Weinberger, J.,\* concurred.

---

\*Assigned by the Chairman of the Judicial Council.