[No. A066767. First Dist., Div. Four. Nov. 30, 1994.]

WAYNE KIRSCHENMAN et al., Petitioners, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
PATRICK B. HAMMONS et al., Real Parties in Interest.

**COUNSEL**

Robert D. Patterson for Petitioners.

Michael R. Sullivan and Steven M. McCarthy for Respondent and for Real Parties in Interest.

**OPINION**

**ANDERSON, P. J.**—Petitioners (defendants below and their attorney) seek a writ to vacate an order sanctioning them for failing to personally attend a mediation session and *requiring* them to participate in further mediation. Plaintiffs, real parties in interest, respond by urging us to rule that once an attorney orally agrees to mediate a dispute neither that attorney nor the client

may withdraw consent absent court approval upon a showing of good cause; we hold otherwise. We grant relief because (1) the court had no authority to mandate mediation; (2) there was no enforceable agreement to mediate; and (3) in any event, there was no failure to comply with the court's mediation order.

Petitioners are Wayne Kirschenman and Kirschenman Enterprises, Inc. (hereafter Kirschenman) and Attorney Robert D. Patterson who represents Kirschenman (one of 14 named defendants) in the underlying multiparty commercial litigation and related cross-actions.[1] A status conference was held in the underlying case on April 15, 1994. Patterson appeared by telephone. The court asked the attorneys present if they were "interested in any kind of mediation on the case" and Patterson replied that he "would be willing to do that on behalf of Kirschenman." Thereafter the attorneys chose private mediation and the court announced that there would be another status conference in 60 days. There was no discussion of personal appearance at the mediation by the litigants or their counsel, no minute order was entered nor was any written order signed by the court.

By letter dated May 13, 1994, Attorney Patterson informed the court that plaintiffs' counsel and the defense attorneys located in Northern California were in the process of arranging to employ a mediator and that mediation was tentatively scheduled to occur in the early part of June. Patterson also stated that he had been informed by his client, Mr. Kirschenman, that Kirschenman would make no settlement of any kind. Patterson then asked to be excused from the mediation. The court denied the request. Thereupon, petitioners filed a mediation brief and paid their share of the mediation expenses. Neither Kirschenman nor Patterson appeared in person at the mediation session, which was held on June 6, 1994, but both did make themselves available by telephone.

Plaintiffs' counsel filed a motion for sanctions for failure of petitioners to participate in mediation. Petitioners opposed the motion pointing out that they had filed a brief, paid their portion of the mediation expenses, and had made themselves available by telephone for the mediation session. They also pointed out that neither the mediator nor any attorney had attempted to make telephone contact during the session. Nevertheless, respondent court granted the motion for sanctions in its entirety.

---

[1]The pleadings are not a part of the record in this writ proceeding. In a brief filed by Kirschenman in response to the motion for sanctions, Kirschenman explains that they are named as defendants "because Kirschenman Enterprises bought potatoes growing from the owner, NDP, Inc., and paid the owner the agreed price, but plaintiffs claim that Kirschenman should have made the check in payment of the potatoes payable to them." Apparently, NDP, Inc., is now in bankruptcy.

On June 17, 1994, a second status conference was held at which time the court announced that all parties were ordered to engage in further mediation before August 29, 1994. The court was asked by plaintiffs' counsel to clarify what it meant by "attendance" at mediation, and the court replied that it meant personal appearance by lawyers and either clients or their carriers, except for those out of state who were allowed to appear by telephone.

Upon application of petitioners for extraordinary relief, we stayed the order directing petitioners to participate in further mediation and the order imposing sanctions.

## Discussion

█ Our consideration of the order sanctioning petitioners for not attending the first mediation session in person and the order requiring petitioners to attend a further session commences with the proposition that the court had no statutory authority *to require* the parties to participate in mediation. Nor did respondent court initially purport to mandate mediation or any other form of alternative dispute resolution, but rather merely inquired of the attorneys attending the status conference if they were interested in mediation.

Thus, respondent court's authority to sanction petitioners and to make orders regarding mediation in this case rests on the court's authority to enforce the oral agreement of petitioners to participate in mediation. Plaintiffs cite to federal cases which have enforced *written* agreements for non-binding alternative dispute resolution. (See *DeValk Lincoln Mercury, Inc.* v. *Ford Motor Co.* (7th Cir. 1987) 811 F.2d 326, 335; *AMF, Inc.* v. *Brunswick Corp.* (E.D.N.Y. 1985) 621 F.Supp. 456, 463.) Plaintiffs also refer to policy statements, such as that in Business and Professions Code section 465, subdivision (b), which encourage and support resolution of disputes by the use of alternatives to the courts. However, we note that even in the legislation to which plaintiffs refer, the parties are specifically not prohibited from revoking consent to participate in voluntary dispute resolution. (See Bus. & Prof. Code, § 467.7.)

Petitioners timely sought to withdraw from participation in mediation prior to the appointment of the mediator. They should have been permitted to do so.

Let a peremptory writ of mandate issue directing respondent court to vacate its order imposing sanctions and its order requiring petitioners to

participate in further mediation. Petitioners are to recover costs of this writ proceeding.

Poché, J., and Perley, J., concurred.