Opinion
 

 RYLAARSDAM, J.
 

 We hold that under the California Standards of Judicial Administration for Complex Litigation (Cal. Standards Jud. Admin., § 19; hereafter complex litigation standard or the standard), a trial court has authority to appoint a discovery referee, even in the absence of a current discovery dispute. In such a complex case, the court also has authority to appoint the referee to conduct settlement conferences.
 

 Facts
 

 This is a construction defect case with a large number of separately represented parties. The trial court determined the case was complex and
 
 *1267
 
 should be dealt with under the complex litigation standard and issued a case management order. The order provides inter alia for the appointment of a discovery referee. In addition, the order appoints the referee “as Mediator in the case, to attempt to assist the parties in resolving it.” The order further provides: “All mediation sessions are deemed to be Mandatory Settlement Conferences of this Court, . . . As to discovery disputes, each party to the dispute shall contribute equally to the compensation of Referee, subject to a recommendation for reallocation of such expense, depending on the outcome of the matter as determined by the Referee” and “[T]he compensation of the Mediator shall be paid
 
 Vs
 
 by the Plaintiffs,
 
 Vs
 
 (divided pro rata) among the parties identified as Developer/General Contractor; and
 
 Vs
 
 (divided pro rata) among the remaining parties. The Mediator shall have the power to recommend a different allocation, depending upon the nature and purpose of the particular proceedings before him.” All parties, except petitioner, agreed to the terms of the case management order and urged its adoption.
 

 Petitioner contends the trial court lacked authority to appoint a discovery referee in the absence of a pending discovery dispute and lacked the authority to order petitioner to participate in a private mediation. We issued an alternative writ and heard argument.
 

 Discussion
 

 The Case Management Order
 

 Subdivision (c) of the complex litigation standard defines “complex litigation” as “those cases that require specialized management to avoid placing unnecessary burdens on the court or the litigants.” The standard recognizes “[cjomplex litigation is not capable of precise definition” and “no particular criterion is controlling and each situation must be examined separately.” (Cal. Standards Jud. Admin., § 19, subd. (c).) The trial court’s determination that this case fits the criteria for complex litigation under the standard is appropriate. So far, 10 parties are separately represented. The plaintiffs are a homeowners association, governing 42 units, and 200 fictitiously named homeowners who claim extensive construction defects to condominiums and their common areas. The defendants are the general contractor and subcontractors involved in the construction of the condominiums as well as petitioner, who is alleged to be the architect. The type of case here involved, a large construction defect case with many separately represented parties, presents case management problems which make it beneficial for the parties as well as the court to employ the level of case management contemplated by the complex litigation standard.
 

 A useful tool, employed by many judges managing complex litigation, is the case management order. (See Weil & Brown, Cal. Practice Guide: Civil
 
 *1268
 
 Procedure Before Trial (The Rutter Group 1996) 1 12:438 et seq.) Such an order, preferably made very early in the litigation, lays out a clear path and timetable for the completion of all tasks necessary to ready the case for trial. Items typically covered in an order are: (1) provisions settling the pleadings or providing for alternatives to formal pleadings (e.g., the order may provide each defendant is deemed to have cross-complained against each of the other cross-defendants for contribution and indemnity, thus saving a great deal of paperwork); (2) provisions determining whether severance, consolidation, or coordination with other actions is desirable or providing for the early trial of separate issues; (3) a detailed discovery schedule or provisions for the creation of such a schedule, frequently with the assistance of a discovery referee appointed as part of the case management order; (4) protective orders; (5) special form interrogatories or other orders requiring all parties to disclose certain information, such as insurance coverage, specifics of damages claimed by plaintiffs and specifics of damages acknowledged by defendants; (6) arrangements for sequential settlement conferences or providing for a mediator to schedule and conduct such conferences; (7) appointment of liaison counsel to facilitate communication between court and counsel and between counsel; (8) provisions for the exchange of documents or the creation of a document depository together with orders for documents to be deposited into the depository without formal requests to produce; (9) creation of a master list of parties and attorneys with their addresses and phone numbers and provisions for keeping such a list current and in the possession of the court and all counsel; (10) provisions fixing the last date to bring in new parties; and (11) the date when the case will be at issue.
 

 A case management order assists trial judges in carrying out their responsibilities under the rules adopted by the Judicial Council pursuant to the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.). A case which is classified as “complex” under the complex litigation standard will frequently also be exempt from the time standards contained in the differential case management rules adopted by the Judicial Council under a mandate of the Trial Court Delay Reduction Act. (Gov. Code, § 68603, subd. (c).) California Rules of Court, rule 2106, specifies factors the court must consider in determining whether the case should be exempted from these time standards. The presence of these factors also tends to qualify a case as “complex” under the complex litigation standard. Where a case is so exempted, rule 2105(d) requires the court to “establish a case-progression plan and monitor the case to ensure timely disposition consistent with the exceptional circumstances, with a goal of disposition within three years.” A detailed case management order satisfies this requirement for a “case-progression plan” and enables judges to comply with the requirement they “monitor the case to ensure timely disposition.” Case management orders
 
 *1269
 
 also permit trial judges to carry out their responsibilities under Government Code section 68607, subdivision (a), to “[actively monitor, supervise and control the movement of all cases . . .
 

 Appointment of a Discovery Referee
 

 Complex cases invariably involve complex discovery disputes and, unless managed, a case with many separately represented parties has the potential for burdensome and duplicative discovery. It is therefore appropriate for the case management order to provide for the appointment of a discovery referee under Code of Civil Procedure section 639. Such a referee assists the trial judge in resolving discovery disputes. However, even in the unlikely absence of disputes, the referee will work with the attorneys in developing a discovery plan, scheduling discovery in the most efficient, rational and least oppressive manner. For example, the referee can establish a logical sequence for the taking of depositions and service of and responses to other discovery. In cases like this one, which typically require the parties to produce a large number of documents under the procedures provided by Code of Civil Procedure sections 2020 and 2031, the referee can also work with the attorneys to create a document depository, thus avoiding a great deal of work and duplication (in both senses of the word) in preparing and responding to document requests.
 

 Although not directly applicable to this Orange County Superior Court case, the usefulness and propriety of the appointment of a discovery referee early in a multiparty construction defect case is illustrated by the provisions of the Los Angeles County Superior Court Manual on Multi-Party Construction Defect Litigation: “[T]he court may appoint a discovery referee, pursuant to Code of Civil Procedure section 639(e), to confer with counsel and recommend a discovery plan. Such appointment does not require agreement by the parties and the discovery referee will then be available to hear other discovery disputes that may arise.”
 
 (Id.
 
 at p. 15.)
 

 Petitioner’s reliance on
 
 DeBlase
 
 v.
 
 Superior Court
 
 (1996) 41 Cal.App.4th 1279 [49 Cal.Rptr.2d 229], is misplaced. The two factual bases present in
 
 DeBlase
 
 are absent here. There, plaintiff, who objected to the appointment of the referee was indigent and the “discovery motion did not raise complex or time-consuming issues of a degree sufficient to warrant appointment of a referee to resolve them.”
 
 (Id.
 
 at p. 1286.) Two earlier cases holding discovery references to be inappropriate also involved indigent litigants. (See
 
 McDonald
 
 v.
 
 Superior Court
 
 (1994) 22 Cal.App.4th 364 [27 Cal.Rptr.2d 310];
 
 Solorzano
 
 v.
 
 Superior Court
 
 (1993) 18 Cal.App.4th 603 [22 Cal.Rptr.2d 401].) If a party demonstrates that the costs associated with a reference
 
 *1270
 
 impose a significant hardship, it would be inappropriate for the court to order that party to contribute to such costs. This is true even if the case is properly classified as “complex.” However, petitioner has made no showing of financial hardship, either here or in the trial court.
 

 As apparent from their support of the court’s order, all parties, except petitioner, recognize the case management order and the use of a discovery referee will operate to their benefit and to the benefit of their clients in the form of greater efficiencies and cost savings in preparing the case for trial or settlement. During oral argument, counsel for petitioner made various arguments, not relevant to the issues raised by the petition, to the effect that his client did not belong in the case at all. If this is true, the procedures devised by the trial court will give petitioner potentially an earlier and more efficient avenue to seek to be dismissed than in the absence of case and discovery management.
 

 Appointment of a Private Mediator
 

 In attacking the portion of the order appointing the discovery referee to act as a mediator, petitioner relies on
 
 Kirschenman
 
 v.
 
 Superior Court
 
 (1994) 30 Cal.App.4th 832 [36 Cal.Rptr.2d 166], where the trial court ordered the parties to participate in private mediation over their objections and sanctioned them for their failure to do so.
 
 Kirschenman
 
 held the trial court had acted in excess of its powers because “. . . the court [has] no statutory authority
 
 to require
 
 the parties to participate in mediation.”
 
 {Id.
 
 at p. 835.) Here, although the order used the term “mediation,” the trial court by providing “all mediation sessions are deemed to be Mandatory Settlement Conferences of this Court,” in effect charged the discovery referee to conduct settlement conferences. We will not use this case as a vehicle to attempt to determine how or whether mediation differs from traditional court supervised settlement conferences. Suffice it to say, the net effect of the order is to have a referee, rather than a judge, conduct settlement conferences.
 

 We recognize Code of Civil Procedure section 639 does not expressly empower the court to appoint a referee to conduct settlement conferences. We also note Weil and Brown, in the section dealing with case management orders noted earlier, follows the statement “The court may seek a stipulation appointing a settlement mediator,” with the statement, “Absent stipulation, however, the court cannot order the parties to mediation or to pay for a mediator’s services.” (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial,
 
 supra,
 
 *J[ 12:440.) Nevertheless, we do not think it appropriate to extend
 
 Kirschenman to
 
 complex litigation
 
 to hold that,
 
 absent express
 
 *1271
 
 statutory authorization, courts are powerless to devise procedures to expedite and facilitate the management of complex cases.
 

 We need not here determine whether courts have authority under Code of Civil Procedure section 639 routinely to appoint referees to conduct settlement conferences. This is not a routine case but a complex case under the complex litigation standard. It is within the spirit of the standard and trial judges should be encouraged to use their inherent powers under Code of Civil Procedure section 187 to manage such complex cases in the most efficient and expeditious manner. Section 187 provides: “When jurisdiction is, . . . conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code.”
 

 The flexibility afforded courts by Code of Civil Procedure section 187 is particularly apt in cases managed under the complex litigation standard.
 
 Cottle
 
 v.
 
 Superior Court
 
 (1992) 3 Cal.App.4th 1367 [5 Cal.Rptr.2d 882], illustrates the type of creativity courts are permitted to exercise in dealing with complex cases. There, in a complex toxic tort case, the trial court commendably devised an efficient nonstatutory procedure, considerably simpler than the traditional procedure for motions for summary judgment under Code of Civil Procedure section 437c, to determine which of some 175 plaintiffs would be able to establish a prima facie claim for injuries. The
 
 Cottle
 
 court responded to plaintiffs’ complaint the trial court lacked authority to issue such an order by noting the case was designated as complex under the complex litigation standard (3 Cal.App.4th at p. 1377) and stated, relying in part on Code of Civil Procedure section 187, “Case law and various statutory provisions give courts broad and inherent powers and serve as the sources for the authority to issue such an order.” (3 Cal.App.4th at p. 1376.) The flexibility afforded courts under Code of Civil Procedure section 187 and the complex litigation standard provides authority to the trial court to empower the referee to conduct settlement conferences in a case which has been determined to be complex.
 

 Courts’ Power to Provide for Payment of Referee’s Fees
 

 We have also considered whether recently decided
 
 Hogoboom
 
 v.
 
 Superior Court
 
 (1996) 51 Cal.App.4th 653 [59 Cal.Rptr.2d 254], prohibits the trial court from requiring the parties to pay the referee’s fees and conclude it does not.
 
 Hogoboom
 
 held the Los Angeles Superior Court was prohibited from imposing a fee for the use of court-operated mediation
 
 *1272
 
 facilities in family law and domestic violence cases. The court based its holding upon the conclusion state law preempted the field of fees which may be charged by courts in the areas of family law and domestic violence.
 
 (Id.
 
 at p. 661.) Although the case management order at issue here contemplates the referee will charge a fee, this is not a fee charged by the court, nor has the Legislature attempted to regulate fees for court ordered references.
 
 Hogoboom
 
 is also based on Government Code section 68070, subdivision (a)(1) which prohibits a court from enacting local rules which impose “ ‘any . . . charge . . . upon any legal proceeding ” (51 Cal.App.4th at p. 669.) The court noted acts by the conciliation court are statutorily classified as “proceedings,”
 
 (id.
 
 at p. 670; see also Fam. Code, §§ 1814, subd. (b)(1), 1840, subd. (c), 1841, 1842, subd. (a)) and mediation is statutorily required in cases involving issues of custody or visitation (Fam. Code, §3170). Neither condition exists here. Were we to conclude the prohibitions of Government Code section 68070, subdivision (a)(1) applied to references, we would, in effect, ignore the will of the Legislature as expressed in Code of Civil Procedure sections 638 and 639, which provide for the appointment of referees and presumably contemplate such referees will be compensated.
 

 Disposition
 

 The petition is denied. The alternative writ is discharged and this court’s stay order is dissolved. Petitioner shall pay real party in interest’s costs.
 

 Sills, P. J., and Wallin, J., concurred.