[No. D048782. Fourth Dist., Div. One. Jan. 4, 2007.]

JELD-WEN, INC., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
MARLBOROUGH DEVELOPMENT CORP. et al., Real Parties in Interest.

**COUNSEL**

McAtee Harmeyer, Jeff G. Harmeyer and Brett Norris for Petitioner.

No appearance for Respondent.

Cooksey, Toolen, Gage, Duffy & Woog, Phil Woog and Paul K. Hoffman for Real Parties in Interest.

## OPINION

**McINTYRE, J.**—In this case we hold that trial courts do not have the authority to order parties in a complex civil action to attend and pay for private mediation.

### FACTUAL AND PROCEDURAL BACKGROUND

Jeld-Wen, Inc., is an uninsured cross-defendant in this multiparty construction defect case involving over $500,000 in alleged costs of repair. The trial court proposed a case management order (the order) that, among other things, deemed the matter to be complex within the meaning of standard 3.10 of the California Standards of Judicial Administration for Complex Litigation and appointed an individual as the "Mediator and/or MSC [Mandatory Settlement Conference] Judge" under Code of Civil Procedure section 187 to mediate and conduct settlement conferences for a maximum of 100 hours at an hourly rate of $500. (All undesignated statutory references are to the Code of Civil Procedure.) The order stated that no party had established an economic inability to pay a pro rata share of the mediator's fee and provided deadlines to demand and conduct the mediation. Unless excused by the court or the mediator, all parties were to appear at the mediation with their insurance representatives or other individuals with settlement authority. The order also appointed a discovery referee under sections 187 and 639 and California Rules of Court, former rule 244.2 to hear and determine all discovery disputes. (All undesignated rule references are to the Cal. Rules of Court; eff. Jan. 1, 2007, the rules were reorganized and renumbered. Rule 244.2 has now been divided into rules 3.920–3.927. Throughout this opinion we shall cite to the new rule numbers and note the former number in brackets.)

Jeld-Wen timely objected to the mediation provisions of the proposed order on the ground they were inconsistent with case law and violated rule 3.1380 [former rule 222], which allows a court to set only one mandatory settlement conference. The trial court overruled the objection and issued the order. Thereafter, Jeld-Wen received a written settlement demand from the real parties in interest, which is represented to be in the amount of $2,799, and notice of two upcoming mediation dates. Jeld-Wen refused the settlement demand, claiming, among other things, it was not liable for any damages because it did not install the products and no discovery had been conducted showing that its products were defective. Accordingly, Jeld-Wen indicated it would not attend the mediation sessions, but invited further informal settlement discussions.

After Jeld-Wen failed to attend the mediation, the real parties in interest moved for an order imposing monetary sanctions and compelling its appearance at the next mediation. The trial court granted the motion, concluding that no statute or rule conflicted with the mediation provisions of the order and that *Lu v. Superior Court* (1997) 55 Cal.App.4th 1264 [64 Cal.Rptr.2d 561] (*Lu*) set forth its authority to appoint a mediator to conduct settlement conferences. The trial court ordered Jeld-Wen to attend the next mediation session and pay $200 in sanctions to it for directly violating the order. Jeld-Wen sought a writ of mandate directing the trial court to set aside its ruling; we issued an order to show cause.

## DISCUSSION

■ Mediation is defined as a "process in which a neutral person or persons facilitate communication between the disputants to assist them in reaching a mutually acceptable agreement." (§ 1775.1, subd. (a); Evid. Code, § 1115; rule 3.852(1) [former rule 1620.2(a)].) During this process, a neutral third party with no decisionmaking power intervenes in the dispute to help the litigants voluntarily reach their own agreement. (*Travelers Casualty & Surety Co. v. Superior Court* (2005) 126 Cal.App.4th 1131, 1138–1139 [24 Cal.Rptr.3d 751] (*Travelers*).) Essential to the mediation process is the concept that the parties are in control of resolving their own dispute. (*Id.* at p. 1139; *Saeta v. Superior Court* (2004) 117 Cal.App.4th 261, 270 [11 Cal.Rptr.3d 610] [same]; see also Advisory Com. com., Cal. Rules of Court, rule 3.853 [former rule 1620.3] ["Voluntary participation and self-determination are fundamental principles of mediation"].)

In 1993, the Legislature enacted the civil action mediation program (§ 1775 et seq.), which allows courts to order cases into mediation as an alternative to judicial arbitration. (§§ 1775.2, 1775.3, subd. (a), 1775.4.) In turn, the Judicial Council has established the procedures to be followed in submitting actions to mediation under the program (§ 1775, subd. (f); rule 3.870 et seq. [former rule 1630 et seq.]) and the minimum conduct standards for mediators in court-connected mediation programs (rule 3.850 et seq. [former rule 1620 et seq.]).

■ Courts participating in the civil action mediation program may order any case to mediation, paid for by the Judicial Council, if the amount in controversy does not exceed $50,000 for each plaintiff, without regard to questions of liability, defenses, or comparative negligence and whether or not the action includes a prayer for equitable relief. (§§ 1775.5, 1775.8, subd. (a), 1141.18, subd. (b); rule 3.871(a)(2) [former rule 1631(a)(1)].) In enacting this statutory scheme, the Legislature adopted the $50,000 lid in existence for the judicial arbitration statutes (§ 1141.10 et seq.). (§ 1141.11, subds. (a) & (b);

Legis. Counsel's Dig., Sen. Bill No. 401 (1993–1994 Reg. Sess.) 5 Stats. 1993, Summary Dig., p. 569.) Nevertheless, any other action may be submitted to court-sponsored mediation, regardless of the amount in controversy, if all the parties so stipulate. (Rule 3.871(a)(2) [former rule 1631(a)(2)].)

■ The amenability of an action to mediation is determined on a case-by-case basis (rule 3.871(c) [former rule 1631(b)]) and the court's determination must be made after consideration of the views expressed by the parties. (Rule 3.871(a)(1) [former rule 1631(a)].) Even after a case has been ordered to mediation, the mediator must inform the parties that participation in mediation is completely voluntary, refrain from coercing a party to continue its participation in the mediation and respect the right of each party to decide the extent of its participation or withdraw from the mediation. (Rule 3.853 [former rule 1620.3].) In fact, unless the parties have agreed to a binding award, any party who voluntarily enters mediation may revoke its consent and withdraw from the dispute resolution process. (Bus. & Prof. Code, § 467.7, subd. (a); *Kirschenman v. Superior Court* (1994) 30 Cal.App.4th 832, 835 [36 Cal.Rptr.2d 166] [holding that no sanctions could be imposed against parties who withdrew from voluntary mediation prior to appointment of mediator].) ■ The Superior Court of San Diego County has also created its own civil mediation program whereby parties to all general civil independent calendar cases, including construction defect and complex cases, can stipulate to mediation. (Super. Ct. San Diego County, Local Rules, rule 2.3.7.) Under this voluntary program, the parties are required to pay the mediator and equally share all fees and expenses, unless otherwise agreed. (*Ibid.*)

The case law and the statutory scheme outlined above emphasize the voluntary nature of mediation. (*Travelers, supra,* 126 Cal.App.4th at pp. 1138–1139.) Significantly, the trial court must consider the expressed views of the parties *before* ordering a case to mediation (rule 3.871(a)(1) [former rule 1631(a)(1)]) and even after a case has been ordered to mediation, the mediator must respect the right of any party to withdraw from the mediation at any time. (Rule 3.853(2) [former rule 1620.3(b)].)

Citing the *Lu* decision, the real parties in interest suggest that trial courts have the inherent authority to order the parties in complex actions to attend and pay for private mediation. (*Lu, supra,* 55 Cal.App.4th 1264.) As hereinafter explained, we conclude that a trial court exceeds its authority by mandating that the parties attend and pay for private mediation over their objection.

In *Lu*, the trial court appointed a referee under section 639 to act as a mediator in a complex case. (*Lu, supra,* 55 Cal.App.4th at p. 1267.) The

order provided that " '[a]ll mediation sessions are deemed to be Mandatory Settlement Conferences of this Court' " and required that the parties pay a pro rata share of the mediation expense unless otherwise ordered by the mediator. (*Ibid.*) The petitioner objected to the order and challenged it via writ of mandate, claiming the trial court lacked the authority to order it to participate in a private mediation. (*Ibid.*) The appellate court concluded that the net effect of the order was to allow a referee, rather than a judge, to conduct a settlement conference, and declined to address how or whether mediation differed from traditional court-supervised settlement conferences. (*Id.* at p. 1270.) Based on this conclusion, the *Lu* court avoided the issue of how the mediator/settlement judge would be compensated, noting that section 639 contemplated that referees would be compensated. (55 Cal.App.4th. at p. 1272.)

Section 639 allows a trial court to appoint a referee to examine a long account, take an account, resolve an issue of fact, obtain information in a special proceeding or resolve discovery disputes. (§ 639, subd. (a).) However, the reference procedure of section 639 can only be used for the purposes specified in that section and cannot be used to appoint a person to conduct a mediation. (Rule 3.920 [former rule 244.2(b)].) Despite these specific prohibitions, a trial court may (1) appoint a referee to conduct a mandatory settlement conference in a complex case or (2) following the termination of a reference, appoint a person who previously served as a referee to conduct a mediation. (Advisory Com. com., Cal. Rules of Court, rule 3.920 [former rule 244.2(b)].)

While a referee appointed under section 639 may conduct a mandatory settlement conference in a complex case (*Lu, supra,* 55 Cal.App.4th at p. 1270), the referee here was not appointed under section 639 and the parties were ordered to attend and pay for private mediation, not a settlement conference. The *Lu* decision provides no guidance on the legal issue presented in this petition because it did not address a trial court's authority to order parties to attend and pay for private mediation. The *Lu* court also blurred the legal distinction between mandatory settlement conferences and private mediation, an issue we recognize, but need not address because it is undisputed that the trial court here ordered Jeld-Wen to attend and pay for private mediation despite its objection.

■ Trial courts have the inherent power to control the proceedings before them (§ 128, subd. (a)(3)) and to adopt suitable methods of practice (§ 187) to the extent its orders do not conflict with any statute and are not inconsistent with law. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967 [67 Cal.Rptr.2d 16, 941 P.2d 1203]; see also *Hernandez v. Superior Court* (2003) 112 Cal.App.4th 285, 295 [4 Cal.Rptr.3d 883] [case management

conference orders in complex actions may not conflict with any statute or Judicial Council rule].) The question here is whether the order appointing a mediator and mandating that each party appear at the mediation and pay its pro rata share of the mediator's fee conflicts with any statute or Judicial Council rule.

We conclude that a case management conference order requiring that parties in complex cases attend and pay for mediation is not authorized by the statutory scheme outlined above and is contrary to the voluntary nature of mediation. The essence of mediation is its voluntariness and we reject the suggestion that trial courts presiding over complex cases have the inherent authority to force a party to attend and pay for mediation over the party's express objection because such an order conflicts with the statutory scheme pertaining to mediation. (§ 1775 et seq.) Moreover, it serves no purpose to force Jeld-Wen, an uninsured litigant and minor player in this complex action, to attend mediation where the combined costs of the mediator and attorney fees expended to attend multiple mediation sessions could exceed the amount of the claim against it. (Although the trial court interpreted the order as requiring attendance at a single mediation session, the order envisioned multiple mediation sessions and mandatory settlement conferences as it set the maximum number of hours at 100 absent further court order.)

Had Jeld-Wen appeared at a court-sponsored mediation and asked to be excused, the mediator would have been obligated to comply. (Rule 3.853(2) [former rule 1620.3(b)].) Although rule 3.853 [former rule 1620.3] is not directly applicable to mediations that are not court-sponsored, judicial officers and judges acting as mediators are encouraged to observe these rules when mediating. (*Travelers, supra,* 126 Cal.App.4th at p. 1140.) Thus, it makes little sense for a trial court to force an objecting party, such as Jeld-Wen, to expend the time and attorney fees to attend mediation only to have the mediator excuse it.

While trial courts may try to cajole the parties in complex actions into stipulating to private mediation (see Super. Ct. San Diego County, Local Rules, rule 2.3.7), parties cannot be forced or coerced over the threat of sanctions into attending and paying for private mediation as this is antithetical to the entire concept of mediation. In any event, we suspect that in a large majority of complex cases most parties will agree to private mediation; as such, we foresee no apocalyptic consequences from this decision.

In summary, the trial court erred by ordering Jeld-Wen to attend and pay for private mediation. Since we have held that the order requiring Jeld-Wen to attend the next mediation session was improper, we cannot uphold the sanction order.

## DISPOSITION

Let a writ of mandate issue directing the court below to set aside its April 14, 2006 order. Jeld-Wen is entitled to its costs in this proceeding.

Nares, Acting P. J., and O'Rourke, J., concurred.